Clear Creek Stone Co. *v.* Dearmin.

THE CLEAR CREEK STONE COMPANY *v.* DEARMIN.

[No. 19,979. Filed February 27, 1903.]

APPEAL AND ERROR.—*Waiver.*—Alleged error in overruling a demurrer to a complaint is waived by failure to discuss it. *p. 163.*

MASTER AND SERVANT.—*Personal Injury.*—*Complaint.*—*Proximate Cause.* —In an action for the injury of a servant while working in a stone quarry by the fall of a wire rope which extended from the top of a derrick to the end of a boom-pole used for lifting stone and other heavy articles, it was alleged that the wire rope was old and unfit for use; that it had been spliced by a smaller rope, and was too short; that the clamp which fastened the rope to the iron drum was defective, and that by reason of the defects in the derrick and its tackle, while the derrick was being used to lower a box of coal the wire rope suddenly fell from the mast and injured plaintiff. *Held,* that the complaint sufficiently shows the negligence charged to be the proximate cause of plaintiff's injury. *p. 165.*

TRIAL.—*Verdict.*—*Answers to Interrogatories.*—*Conflict.*—In an action for injuries to an employe caused by a rope giving away and falling upon him while lowering the boom-pole of a derrick, the jury found in answer to interrogatories that if the rope had been sufficiently fastened the boom could have been safely lowered to a horizontal position; that if the boom had been stopped when it reached a horizontal position, the rope would not have pulled loose; that the injury was caused by the failure to stop the settling of the boom before the rope ran off the drum on which it was wound; and that there was no "satisfactory evidence" that the boom was lowered below a horizontal position. *Held,* that the answers are not in conflict with a general verdict for plaintiff. *pp. 166–168.*

TRIAL.— *Instructions.*—An instruction that if plaintiff "has proved the injury complained of was caused by some one or more of the specifications of negligence set out in the complaint, he may recover if he himself was without fault" is not bad for failure to observe the distinction between contributory negligence and assumption of risk, where none of the acts of negligence charged involved any question concerning assumption of risk.   *p. 169.*

SAME.—*Instructions.*—*Answers to Interrogatories.*—Where the special finding of facts in an action for personal injuries shows that the defendant had knowledge of the defects and omissions complained of, and that the plaintiff was ignorant of them, an erroneous instruction on the subject of the knowledge of the parties was harmless.   *pp. 169, 170*

SAME.—*Interrogatories.*—An interrogatory asking the jury to state in case they return a general verdict for plaintiff upon what paragraph of complaint the verdict was based was properly refused, since the information so sought was not such a "question of fact" on the issues of the cause as is contemplated by §555 Burns 1901. *p. 170.*

From Monroe Circuit Court; *J. C. Robinson,* Special Judge.

Action by Lawson E. Dearmin, by next friend, against the Clear Creek Stone Company for personal injuries. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337j Burns 1901. *Affirmed.*

*H. C. Duncan* and *I. C. Batman,* for appellant.
*J. R. East* and *R. H. East,* for appellee.

DOWLING, J.—Action by the appellee, a minor, by his next friend, against the appellant for damages for a personal injury.  Demurrers to the several paragraphs of the complaint were overruled, and motions for judgment for the appellant on the answers of the jury to questions of fact on the issues, and for a new trial, were denied.  These rulings are assigned for error.

No objection to the first paragraph of the complaint is pointed out, and any error in the ruling on the demurrer to it is waived by the failure of counsel to discuss it.

The appellee was employed by the appellant at its stone quarry, and, while in the performance of his duties, he was

injured by the fall of a heavy wire rope which extended from the top of a derrick to the end of a boom-pole used for lifting and moving stone and other heavy articles.

It appears from the several paragraphs of the complaint that, at the time of the injury to the appellee, the appellant, as a part of the machinery used in its stone quarry, owned and employed a large steam derrick, with a mast pole fifty feet or more in height, held in a perpendicular position by guy-ropes, the lower end of which pole rested and revolved in a socket. Near the lower end of this mast another long piece of timber was attached to it by a large hinge. To the free end of the latter a steel wire rope was fastened, which extended to a pulley at the top of the mast, and ran from the pulley to a cast-iron drum, three feet long and eighteen inches in diameter, in the power-house of the appellant, some seventy-five yards distant. The wire rope was fastened to the drum by a metal clamp placed over the end of the rope and pressed down by a nut and screw. The drum was operated or moved by steam-power, and, by winding or unwinding the rope, raised or lowered the piece of timber which worked upon the hinge, and which was known as the boom-pole.

It is alleged in the second, third, and fourth paragraphs of the complaint that the wire rope was old and unfit for use; that it had been spliced the day before the accident with a smaller rope; that the smaller rope was attached to the iron drum; that the rope was too short; that the clamp which fastened the rope to the iron drum was defective, because it could not be screwed down tight upon the rope; and that while it was necessary that the wire rope should be long enough to leave several wraps of the rope around the iron drum when the boom-pole was lowered to the ground, yet in fact it was too short to do so. It is charged that the appellant was negligent in failing to tighten the clamp upon the rope, and in permitting the rope to slip off the iron drum; in permitting the premises in the vicinity of the said der-

rick to become dangerous, through its failure properly to fasten the wire rope, and to keep the same fastened; and in failing to warn the appellee of the dangerous condition of the derrick, although the appellant knew what was necessary to make it safe. It is averred that by reason of the defects in the steam derrick and its tackle, which have been mentioned, all of which were known to the appellant, but not to the appellee, while the derrick was being used to lower a load or box of coal for the steam-engines in the quarry, the wire rope suddenly fell from the mast and injured the appellee, who was then and there engaged in and about his work. It is further alleged, as the conclusion of the statement of the facts constituting the appellee's cause of action, that all of the injuries sustained by him "were received by reason of the carelessness and negligence of defendant as herein set forth."

It is objected on behalf of the appellant that its negligence, as described in the complaint, is not shown by proper averments to have been the proximate cause of the injury to the appellee. But, as we have seen, all the defects in the wire rope and its fastenings were charged to the negligence of the appellant. The sudden fall of the rope is alleged to have resulted from these defects, and by its fall the appellee, who was passing under it, is said to have been injured. The connection between the negligent conduct of the appellant in permitting the defects in the wire rope and its fastenings to exist, and the sudden fall of the rope upon the appellee, who was then and there lawfully engaged in his work for the appellant, is very plainly stated. The sequence between the negligence of the appellant in failing to make the rope secure and the injury sustained by the appellee was natural and unbroken, and that negligence clearly appears to have been the proximate and sole cause of the accident and injury.

The further point is made that, while it is averred that at the time of the accident the boom-pole was being lowered

to the ground, there is no allegation that this was a proper use of the boom, or that the appellant knew that the rope was too short for this particular purpose. There is nothing in the complaint which indicates that the derrick and boom were used in an improper or extraordinary manner, or which would authorize an inference that such was the case. If there had been any obscurity in the pleading in this respect, it should have been pointed out by an appropriate motion. However, we fail to perceive either obscurity or ambiguity in this part of the complaint, and are of the opinion that it was sufficiently shown by its averments that the derrick and boom-pole were being used for an ordinary purpose, and in the usual manner.

Upon the return of a general verdict against it, the appellant moved the court to disregard the verdict and to render judgment in its favor upon the answers of the jury to the questions of fact submitted to them. It is settled by many decisions of this court that the general verdict must stand unless the facts found, or some of them, are not only irreconcilable with the general verdict, but are of such vital and controlling nature as necessarily to overthrow the verdict. The provision of the code of civil procedure upon this subject is as follows: "When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." §556 Burns 1901, §547 R. S. 1881 and Horner 1901. To sustain a motion for judgment on the special finding of facts notwithstanding the general verdict, there must be such a conflict between the special finding and the general verdict that the two can not stand together. It is not necessary that the special finding should sustain the verdict. The verdict requires no such support. But the general verdict is controlled by the special finding only when the two can not be reconciled by any evidence admissible under the issues. *Rice* v. *City of Evansville,* 108 Ind. 7, 58 Am. Rep. 23; *Shuck* v. *State, ex rel.,* 136 Ind. 63, 71-75; *Mat-*

chett v. Cincinnati, etc., R. Co., 132 Ind. 334, 337; McCoy v. Kokomo R., etc., Co., 158 Ind. 662. The party demanding judgment upon the special finding must be able to point out a material fact or facts so found which, notwithstanding all intendments and presumptions in favor of the general verdict, and unaided by any intendment or presumption in its own support, would, if considered by the jury and given its necessary legal effect, have compelled them to return a verdict for the party so demanding judgment.

A very careful examination of the special finding and of the argument of appellant's counsel thereon has failed to discover any conflict between the special finding and the general verdict. Counsel have not pointed out to us any answer which, when read in connection with the other answers of the jury, necessarily overthrows the general verdict. None of the answers shows that the derrick, boom, or rope were used in an extraordinary or improper manner. It is nowhere shown that the appellee knew anything of the unsafe condition of the rope or its fastenings. His general knowledge that the quarry was a dangerous place in which to work was not inconsistent with his ignorance of the special defects of the rope and its fastenings, which materially increased the perils of the situation.

By their answers to interrogatories, the jury said that the clamp on the rope fastening it to the drum was not sufficiently tightened; that the slack in the rope was wound around the drum, and that if the rope had been sufficiently fastened the boom could have been safely lowered to a horizontal position. They also found that, at the time of the accident, the boom was lowered until it was "at or near a level," and that there was no "satisfactory evidence" that the boom was lowered below a horizontal position "to a point at which all the boom rope was unwound from the drum." They state also that the weight of the boom loaded with a box of coal caused the rope to jerk loose from its fastenings on the drum, and that if the boom had been

stopped while being lowered when it reached a horizontal position, the rope would not have pulled loose from the drum, and that the injury to the appellee was caused by a failure to stop the settling of the boom before the rope ran off the drum. This is by no means a finding that the voluntary lowering of the boom below a horizontal position caused the accident. The evident meaning of the several answers is that when the boom was lowered until it was nearly level, its own weight and the weight of the box of · coal caused a severe strain upon the coils of the rope on the drum and on the fastenings of the rope; that by reason of their defective and insecure condition the fastenings gave way; that the boom and rope were then beyond control; and that the descent of the boom could not be arrested by reversing the movement of the drum. Such a construction of these answers is natural, reasonable, and entirely consistent not only with the general verdict but with the other answers. The purport of the special finding is plainly shown in the response of the jury to the twenty-eighth and twenty-ninth interrogatories, which were as follows: "28. Could not the boom be lowered by releasing the power to a horizontal or level position? A. Yes, with proper fastenings. 29. Could not said derrick be safely operated with the boom at any point between the position almost perpendicular, and the horizontal or level position of the same? A. Yes, if properly fastened."

It was not found that the rope was properly or securely fastened to the drum, but that the failure so to fasten the rope was, as charged in the complaint, the cause of the accident and injury. The special finding lends no support to the proposition that the rope was properly secured, and that the accident was due to the fault of a fellow workman in directing and causing the boom-pole to be lowered too far.

The motion for a new trial assigns as reasons therefor: The giving and refusal to give instructions; the refusal to submit certain interrogatories to the jury; that the verdict

Clear Creek Stone Co. *v.* Dearmin.

is not sustained by sufficient evidence; and that it is contrary to law.

The portion of the second instruction which is objected to is as follows: "If he has proved the injury complained of was caused by some one or more of the specifications of negligence set out in the complaint, he may recover if he himself was without fault." Counsel complain that the court failed to observe the distinction between contributory negligence and assumption of risk. The instruction was expressly confined to "the specifications of negligence set out in the complaint." None of these involved any question concerning assumption of risk, and no reference to that subject would have been proper in that connection.

Instructions numbered three, seven, and twelve are objected to because they do not inform the jury that the servant must not only be free from fault, but that he must also be ignorant of the master's fault. The third instruction does not undertake to state the effect of knowledge of the defect or danger by the servant, and, considered by itself, might be open to criticism. But the sixth is full and clear upon the subject of knowledge, and the two read together contain a correct statement of the law. Instruction number seven distinctly informed the jury that the ignorance of the plaintiff of all the acts of negligence of the employer, and of his incompetent servant, was a necessary element of the plaintiff's right of recovery. Instruction number twelve is equally explicit, both as to the knowledge of the employer and the ignorance of the servant. The allegation in this last instruction that "if the appellant, by its superintendent, insecurely fastened the rope," etc., was equivalent to a direct averment of knowledge on the part of the appellant. We find in none of these instructions any misdirection of the jury authorizing a reversal of the judgment. It may be added that the special finding of facts shows that the appellant had knowledge of the defects and

omissions complained of, and that the appellee was ignorant of them.    This being the case, an erroneous instruction on the subject of the knowledge of the parties would have been harmless.

The appellant tendered interrogatories to be answered by the jury in case they returned a general verdict for the appellee, requiring them to state upon what paragraph or paragraphs they based their verdict.    The court properly refused to submit these questions to the jury.    The information so sought to be obtained was not such a "question of fact" on the issues of the cause as is contemplated by §555 Burns 1901, and the mode adopted by the appellant was not the proper one to ascertain the paragraph or paragraphs to which the verdict related.    *Salem-Bedford Stone Co.* v. *Hilt,* 26 Ind. App. 543.

The verdict was amply sustained by the evidence, and was not contrary to law.    Judgment affirmed.