INDIANAPOLIS TRACTION AND TERMINAL COMPANY ET AL.
*v.* LEE, EXECUTRIX.

[No. 9,530. Filed March 14, 1918.]

1. TRIAL.—*Instructions.*—*Issues.*—In an action for the death of a pedestrian, where the complaint showed that decedent was struck by an automobile while lawfully upon the street and exercising due care for his own safety, an instruction that he had a right to cross the street was not erroneous or harmful, although there was no controversy over the matter. p. 110.

2. TRIAL.—*Instructions.*—*Mandatory Instructions.*—In an action against a street railroad company and the owner of an automo-

bile truck for the death of a pedestrian, the negligence charged against defendant company being that in violation of a city ordinance it permitted the street pavement to become so worn that there were a number of holes in the same, an instruction that if the jury found that there was a hole in the street large enough for a wheel of a truck to have dropped into, "all as alleged in the complaint," and that the driver saw the hole, or could have seen it by the exercise of ordinary care, and negligently drove the machine so that a wheel dropped into it, causing the truck to veer and strike deceased, the finding should be for plaintiff, although mandatory in form and failing to specifically set out each element essential to plaintiff's recovery, such instruction was not harmful to defendants in view of the qualifying phrase, "all as alleged in the complaint," which averred facts·constituting actionable negligence, and other instructions supplying the omitted essentials.　p. 111.

3.　TRIAL.—*Issues.—Instructions.*—Where an action for wrongful death of a pedestrian killed by an automobile was not presented or tried on the theory of the last clear chance doctrine, and there was no evidence tending to show antecedent lack of due care on the part of decedent and a subsequent chance on the part of defendant to avoid the injury notwithstanding such negligence, such theory was properly ignored in the instructions. p. 113.

4.　APPEAL.—*Review.—Instructions.—Invited Error.*—Where, in an action for wrongful death, an instruction tendered by defendants was given which referred generally to the negligence of defendants by the phrase "as alleged in the complaint," defendants cannot complain of another instruction similar in form given at plaintiff's request, since error, if any, based on the general reference to the complaint, was invited.　p. 114.

5.　DEATH.—*Measure of Damages.*—In an action for wrongful death, an instruction that damages to the widow for the loss of her husband should be such as would compensate for the pecuniary loss sustained, taking into consideration the deceased's age, health and expectancy of life, and his earning capacity, was proper.　p. 114.

6.　TRIAL.—*Instructions.—Duty to Request.—Waiver of Error.*—If defendants in an action for wrongful death desired a more complete instruction on the measure of damages than that given, it was their duty to tender a correct and appropriate instruction on that subject, and, having failed to do so, they cannot complain.　p. 114.

7.　APPEAL.—*Review.—Evidence.—Sufficiency.*—In an action against a street railroad company and the driver and owner of an automobile truck for the wrongful death of a pedestrian, evidence

showing that defendant company, in violation of a city ordinance requiring it to keep a portion of the street in repair, permitted the pavement to become so worn that there were a number of holes in the same, that the driver of the truck negligently drove it in such manner that one of the wheels dropped into a hole, causing the machine to suddenly leave its course and strike deceased, is sufficient to sustain a verdict for plaintiff against all of the defendants. p. 115.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Sybilla S. Lee, executrix of the last will of Charles H. Lee, deceased, against the Indianapolis Traction and Terminal Company and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*D. E. Watson, A. J. Shelby* and *W. H. Latta,* for appellants.

*Charles F. Remy, James M. Berryhill, William H. Remy* and *Rogers & Smith,* for appellee.

Felt, J.—This is a suit for damages for the death of appellee's decedent, Charles H. Lee, alleged to have been caused by the negligence of appellants. Issues were joined by general denial to the third paragraph of complaint on which the case was tried. A trial by jury resulted in a verdict for $3,200 against appellants. Each appellant filed a separate motion for a new trial, which was overruled and an exception reserved. Judgment was rendered on the verdict. Each appellant has assigned as error the overruling of such motion for a new trial.

Omitting formal averments, the third paragraph of complaint in substance shows that the accident in controversy occurred at the crossing of Ohio and Illinois streets in the city of Indianapolis; that on and prior to November 12, 1913, ordinances of said city were in force which required the Indianapolis Trac-

108 . APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Lee, Exrx.—67 Ind. App. 105.

tion and Terminal Company to keep in repair that portion of the streets which lay between the tracks of said company and a space eighteen inches along and outside of the rails of its tracks; that tracks of said company on each of the streets aforesaid intersected at said crossing; that at and prior to the date aforesaid said company negligently, with full knowledge of the conditions of said street, and in violation of said ordinances permitted said streets at the crossing aforesaid to become and remain defective and out of repair at the places where it was by said ordinances required to keep the same in good repair; that said streets had been paved and the pavement at said places had been worn and removed so that holes were left three or four inches deep and below the upper surface of the tracks for a long time prior to the date aforesaid; that such holes were so large that the wheels of ordinary automobiles and trucks would drop therein when passing over the streets; that decedent, on the day aforesaid, was walking across Illinois street, in a careful and prudent manner, going east on Ohio street, about twenty-five feet north of the crossing of the car tracks on said streets; that defendant John Cheek was then and there driving an automobile truck, owned by his employer, Major K. Gleason, going north on Illinois street at the rate of eight miles per hour; that said Cheek, with full knowledge of the defective condition of said streets at said crossing, negligently drove said truck in such manner as to cause one of the wheels thereof to drop into one of said holes in the pavement; that thereupon, on account of the negligence aforesaid on the part of each of said defendants and the defective condition of said streets, said Cheek negligently lost control of said truck, and the same by reason thereof ran against

and injured said decedent and thereby caused his death.

In the motions for a new trial appellants charge that the verdict is not sustained by sufficient evidence, and that the court erred in giving to the jury instructions Nos. 1, 5 and 6 tendered by appellee.

In the briefs, the only point presented as to the evidence is that there is much conflict and confusion in the evidence, not only between the witnesses for the plaintiff and the defendants, but between the several witnesses for the plaintiff; that on account thereof great care should be taken to determine the correctness of the instructions given; that any error in the instructions should be considered harmful to appellants and should not be treated as harmless because of other instructions given to the jury. In support of these contentions appellants cite the following cases: *Pittsburgh, etc., R. Co.* v. *Haislup* (1906), 39 Ind. App. 394, 396, 79 N. E. 1035.; *Cleveland, etc., R. Co.* v. *Snow* (1905), 37 Ind. App. 646, 654, 74 N. E. 908; *Neely* v. *Louisville, etc., Traction Co.* (1913), 53 Ind. App. 659, 669, 102 N. E. 455; *Louisville, etc., Traction Co.* v. *Korbe* (1910), 175 Ind. 450, 453, 455, 93 N. E. 5, 94 N. E. 768.

Instructions Nos. 1, 5 and 6 complained of as erroneous are as follows: "1. If you find from the evidence that plaintiff's testator was, as a pedestrian, walking across Illinois street at the time and place in controversy, all as averred in the complaint, then I instruct you that said testator had a right to cross said street in the manner and place he did, if at the time he was in the exercise of ordinary care."

"5. If you find from a preponderance of the evidence that defendant Cheek was operating an automobile at a moderate gait, going north on Illinois

110    APPELLATE COURT OF INDIANA.

Indianapolis Traction, etc., Co. v. Lee, Exrx.—67 Ind. App. 105.

street at or near the crossing of said street with Ohio street, and if you find that there was a hole or holes in said Illinois street large enough for a wheel of said truck to have dropped into said hole or holes, said hole or holes being at or near the point of junction of the curved street car rail or track, at the point in question, all as alleged in the complaint, and if you find that said Cheek saw said hole or holes, or in the exercise of reasonable ordinary care could have seen the same, and if you find that said Cheek so negligently drove said truck as to cause the wheel of said truck to drop into one of said holes, and if you find that the dropping of said wheel in said hole caused said Cheek to negligently lose control of his machine, and caused the machine to veer and hit Charles H. Lee and cause his death, all as alleged in the complaint, then you should find for plaintiff, unless you find that said Charles H. Lee was guilty of contributory negligence.'

"6. If you find from a preponderence of the evidence in this action that the plaintiff should recover against the defendants, then it will be your duty to award plaintiff such damages as will compensate said testator's widow for the pecuniary loss sustained by her as a result of his death, and in fixing the amount it will be your duty to take into consideration said testator's age at the time of his death, his health and expectancy of life, and his earning capacity, your verdict, however, not to exceed $10,000.''

Appellants assert that instruction No. 1 is erroneous and harmful because there was no issue as to the decedent's right to cross the street, and the instruction was therefore confusing and misleading to the jury. The complaint shows that the decedent was struck and injured while lawfully

upon the street and exercising due care for his own safety. Considering the issues and the evidence, the instruction was neither erroneous nor misleading. If there was no controversy as to the decedent's right to cross the street, appellants could not have been harmed in any way by the giving of the instruction. *Stringer* v. *Frost* (1889), 116 Ind. 477, 479, 19 N. E. 331, 2 L. R. A. 614, 9 Am. St. 875; *Simons* v. *Gaynor* (1883), 89 Ind. 165, 166; *Clear Creek Stone Co.* v. *Dearmin* (1902), 160 Ind. 162, 169, 66 N. E. 609; *Apperson* v. *Lazro* (1909), 44 Ind. App. 186, 191, 87 N. E. 97, 88 N. E. 99.

Appellants say that the court erred in giving instruction No. 5, *supra,* because it is mandatory and fails to "correctly state the law as to every point essential to plaintiff's right to a judgment"; that it was harmful to the traction company because it assumes that there was a hole in the pavement "large enough for a wheel of said truck to have dropped into" the same, and that the presence of such hole constituted actionable negligence on the part of the company; that the court invaded the province of the jury in determining that there was a defect in the street as would constitute negligence of the company; that under the law of the last clear chance the negligence of the driver was the sole proximate cause of the injury.

The instruction may be subject to some criticism, but it does not belong to that class of mandatory instructions which must be considered and 2. passed upon without reference to other instructions given to the jury. While mandatory in form, and failing to specifically set out each element essential to appellee's recovery, it contains the qualifying phrase, "all as alleged in the complaint."

The complaint avers facts which constitute actionable negligence, and if proved entitle plaintiff to a recovery. The phrase aforesaid directs attention to the charge made in the complaint and necessarily to the instructions which deal with the several elements essential to a recovery and with every phase of appellants' defense.

In determining whether appellants were harmed by the giving of instruction No. 5, we may look to the other instructions, and consider all the instructions given to the jury which bear on the questions involved. *Indianapolis, etc., Traction Co.* v. *Wiles* (1910), 174 Ind. 236, 242, 244, 91 N. E. 161, 729; *Indiana Union Traction Co.* v. *Jacobs* (1906), 167 Ind. 85, 93, 78 N. E. 325; *Burford* v. *Dautrich* (1913), 55 Ind. App. 384, 388, 103 N. E. 953; *Shields* v. *State* (1897), 149 Ind. 395, 406, 49 N. E. 351; *Harmon* v. *Foran* (1911), 48 Ind. App. 262, 267, 94 N. E. 1050, 95 N. E. 597; *Hutchins* v. *State* (1898), 151 Ind. 667, 670, 52 N. E. 403; *Atkinson* v. *Dailey* (1886), 107 Ind. 117, 118, 7 N. E. 902; *Otter Creek Coal Co.* v. *Archer* (1916), 64 Ind. App. 381, 115 N. E. 952; *Knapp* v. *State* (1906), 168 Ind. 153, 159, 79 N. E. 1076. 11 Ann. Cas. 604. The street car company tendered twelve and the other defendant six instructions, all of which were given by the court. By these instructions appellant had the benefit at the trial of every possible proposition which limited and defined appellee's right of recovery, and likewise of every proposition available as a defense. A reading of the instructions given shows clearly that the jury were fully instructed as to every element essential to a recovery and as to the burden that rested upon appellee to prove each and all of such elements. Considering this instruction in the light of the others

NOVEMBER TERM, 1917. 113

Indianapolis Traction, etc., Co. *v.* Lee, Exrx.—67 Ind. App. 105.

given, we are clearly convinced that in any view that may be taken of it the jury was not misled or appellants harmed by the giving of it. *American, etc., Tin Plate Co.* v. *Bucy* (1908), 43 Ind. App. 501, 504, 87 N. E. 1051; *Pittsburgh, etc., R. Co.* v. *Collins* (1906), 168 Ind. 467, 475, 80 N. E. 415; *Indianapolis, etc., Traction Co.* v. *Newby* (1909), 45 Ind. App. 540, 544, 90 N. E. 29, 91 N. E. 36; *Southern R. Co.* v. *Howerton* (1914), 182 Ind. 208, 223, 224, 105 N. E. 1025, 106 N. E. 369; *New Castle Bridge Co.* v. *Doty* (1906), 168 Ind. 259, 266, 267, 79 N. E. 485; *Bowers* v. *Starbuck* (1917), 186 Ind. 309, 116 N. E. 301; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 624, 103 N. E. 652; *Home Tel. Co.* v. *Weir* (1913), 53 Ind. App. 466, 469, 101 N. E. 1020, 1021; *Shirley Hill Coal Co.* v. *Moore* (1913), 181 Ind. 513, 517, 103 N. E. 802; *Neely* v. *Louisville, etc., Traction Co., supra.*

The suggestion which invokes the application of the last clear chance doctrine to show instruction No. 5 to be erroneous is not tenable. The case 3. was not presented or tried on such theory. There is neither averment nor evidence tending to show antecedent lack of due care on the part of the decedent and a subsequent chance on the part of the driver to avoid injuring him, notwithstanding such negligence, which is the basis for the application of the aforesaid doctrine. *Hartlage* v. *Louisville, etc., Lighting Co.* (1913), 180 Ind. 666, 668, 669, 103 N. E. 737; *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 578, 579, 96 N. E. 973, 98 N. E. 1091.

While we do not base our opinion as to instruction No. 5 on the proposition, it is doubtful if appellant Indianapolis Traction and Terminal Company is in a position to take advantage of the objection based on

114     APPELLATE COURT OF INDIANA.

Indianapolis Traction, etc., Co. *v.* Lee, Exrx.—67 Ind. App.. 105.

the general reference to the complaint, for in instruction No. 5 tendered by it, and given to the jury, it refers to the negligence of the defendants "as alleged in the complaint." By this instruction, similar in form to instruction No. 5 complained of, appellant in a measure at least invited the alleged error. *Orient Ins. Co.* v. *Kaptur* (1911), 176 Ind. 308, 312, 95 N. E. 230.

Appellant objects to instruction No. 6 because "it would be understood by a man of average intelligence to mean to give the full earning capacity of the decedent for his term of expectancy." The instruction is a correct general statement of the rule for the measure of damages in cases like the one at bar.

If appellants desired a more detailed statement of the elements or limitations to be considered in awarding compensation, they should have tendered correct and appropriate instructions to that end, and, failing so to do, cannot be heard to complain of the instruction given. *Indiana Union Traction Co.* v. *Jacobs, supra; Pittsburgh, etc., R. Co.* v. *Brown* (1912), 178 Ind. 11, 26, 97 N. E. 145, 98 N. E. 625; *Elliot* v. *Elliot* (1915), 61 Ind. App. 209, 212, 111 N. E. 813; *Chicago, etc., R. Co.* v. *Hamerick* (1911), 50 Ind. App. 425, 448, 96 N. E. 649.

The instructions given to the jury were fair to appellants and fully as favorable to them as the law warrants. Considered together, as they should be, there is no basis for contention that they were confusing or misleading to the prejudice of appellants.

While there is conflict in the evidence as to some of the issuable facts, there is evidence tending to prove every material proposition upon which the verdict rests. The evidence tends to prove the existence of

7. several holes in the pavement at the crossing where the accident occurred, in that portion of the street which the ordinance required the traction company to keep in repair, and that they had so existed for more than three months prior to the accident. The evidence also tends to prove that such holes were five or six inches deep, and of sufficient size and length to allow the wheels of an automobile or truck to drop to the bottom of them; that the wheels of the truck in question did drop therein, and that such fact in connection with the negligence of the driver combined to cause the truck to suddenly leave its course and strike and injure the decedent, substantially as alleged in the complaint. There was no dispute about the fact that ordinances were in force which required the street car company to keep in repair a portion of the street as alleged in the complaint. The evidence, though conflicting as to some of the facts in issue, sustains the verdict against each and all of appellants. *City of Logansport* v. *Smith* (1910), 47 Ind. App. 64, 73, 93 N. E. 883; *Indianapolis Traction, etc., Co.* v. *Springer* (1910), 47 Ind. App. 35, 43, 93 N. E. 707; *Louisville, etc., R. Co.* v. *Lucas* (1889), 119 Ind. 583, 591, 21 N. E. 968, 6 L. R. A. 193.

The case seems to have been fairly tried on its merits. No intervening error harmful to appellants has been shown. §700 Burns 1914, §658 R. S. 1881; *Kelso* v. *Cook* (1915), 184 Ind. 173, 203, 110 N. E. 987; *Shedd* v. *American Maize, etc., Co.* (1915), 60 Ind. App. 146, 162, 108 N. E. 610; *Bruns* v. *Cope* (1914), 182 Ind. 289, 296, 105 N. E. 471.

Judgment affirmed.

NOTE.—Reported in 118 N. E. 959. Death: measure of damages recoverable by wife or child for negligent killing of husband or parent, 3 Ann. Cas. 103, 16 Ann. Cas. 931, 17 L. R. A. 76, 17 C. J. 1328.