CENTRAL IND. RWY. CO. V. THE ANDERSON BANKING CO., ADMR. OF EST. JONES ET AL.

[No. 20,246. Filed October 14, 1968. Rehearing denied November 20, 1968. Transfer denied with Opinion May 12, 1969. See 247 N. E. 2d 208.]

*Wilbur F. Pell, Jr., Pell & Matchett,* of Shelbyville, *Russell E. Stewart* and *Stewart & Austin,* of counsel, of Anderson, for appellant.

*Howard S. Young, Jr., Thomas J. Young,* of Indianapolis *H. Harold Soshnick* and *Paul T. Brenton,* of Shelbyville, for appellees.

FAULCONER, J.—The plaintiff-appellee, Anderson Banking Company, Administrator of the Estate of James Edward Jones, Deceased, brought this action against the defendant-appellant, Central Indiana Railway Company and the defendant-appellee, American Transport Company, Inc., for damages for the alleged wrongful death of the appellee's decedent, James Edward Jones. The death occurred as a result of a collision at the intersection of Indiana State Road 421 in Boone County, near Rosston, Indiana, when a truck owned by appellee, American Transport Company, Inc., being oper-

ated north on said highway collided with the side of a caboose, owned by appellant Central Indiana Railway, Co., in which caboose the said James Edward Jones was riding.

The appellee administrator's action against the appellant Railway was brought under the Federal Employers' Liability Act and the action against the appellee Transport under common law negligence.

To appellee administrator's amended complaint in one paragraph, appellant Railway filed its answer in denial. Appellee Transport filed its answer in denial, and alleged contributory negligence and assumption of risk as affirmative defenses.

A trial by jury resulted in a general verdict for the plaintiff-appellee Administrator and against the appellant Railway and appellee Transport as defendants. Judgment was entered accordingly. Appellant Railway's motion for new trial containing 24 specifications was overruled which action is assigned as error in this appeal.

Since the appellee Transport did not take an appeal from the judgment below, they were made an appellee pursuant to the Rules of the Supreme Court. However, Transport has taken no part in the appeal. We therefore will confine ourselves on this appeal to the action against the appellant Railway brought under the Federal Employers' Liability Act.

Since appellant Railway divides its argument into sections under headings A through R we shall discuss them in that order.

## "A"

Under specification A of its motion for new trial the appellant Railway argues that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; that the court erred in refusing to give Railway's tendered instruction No. 1 directing a verdict in its favor and overruling

its motion for directed verdict at the close of plaintiff's evidence and again at the close of all the evidence.

Appellant Railway groups the above specifications under one argument.

The substance of appellant Railway's argument under these specifications is that there is no evidence that it was negligent; that if negligent, there is no causal relation shown between the negligence and the injury to decedent; that the negligence of the appellee Transport Company was either the sole and only cause of such injury to, and death of, the decedent of appellee Administrator or an effective, independent intervening cause thereof.

It appears from the evidence that James Edward Jones, appellee administrator's decedent, was employed by appellant Railway as a brakeman and that, at the time of his death, he was acting in such capacity on a train of appellant Railway. Said train was approximately three hundred and forty five feet long and consisted of an engine, six freight cars and a caboose. In addition to Jones there was another brakeman, a conductor, an engineer and a fireman on the train which was proceeding west on appellant's tracks and was crossing highway 421 at about 10 miles per hour. When the caboose, the last car in the train, was crossing the highway it was struck by appellee Transport's truck which was being operated in a northerly direction on said highway. At the time of the collision the engineer and firemen were on the engine, the conductor and other brakeman were in the caboose and Jones was on the rear platform of the caboose. The impact of the collision knocked the caboose from its wheels and the caboose landed on its side just north of the tracks on the pavement of the highway. Jones was pinned under the caboose and died of the injuries he received therefrom. The driver of appellee Transport's truck was also killed in the collision. The collision occurred at about 15 minutes passed midnight; the weather being clear and the pavement dry.

"The basis of liability under the Federal Employers' Liability Act is negligence on the part of the carrier subject to its provisions ***" 32 Am. Jr. 2d, *Federal Employers' Liability and Compensation Acts*, § 25, p. 266.

"In creating a right of action in favor of a railroad employee for injuries resulting from his employer's negligence, the Federal Employers' Liability Act imposes on a carrier the duty to exercise reasonable care in view of existing circumstances. It has been held that the term 'negligence', as used in the Act, is to be construed liberally. But the statute does not make a railroad company an insurer of the safety of its employees. On the contrary, a carrier is required only to take reasonable precautions commensurate with known and foreseeable dangers, and to exercise ordinary care in proportion to the danger to be avoided and the consequences that might reasonably be anticipated from neglect."

"Although no specific standards are prescribed, the Act has been construed to require a carrier to provide employees with a reasonably safe place to work and to furnish them with reasonably safe and suitable equipment" 32 Am. Jr. 2d, *Federal Employers' Liability and Compensation Acts*, § 27, pp. 269, 270.

Appellant-Railway, to support its contentions, relies heavily upon the physical aspects of the crossing. It points out that the crossing was generally at right angles, that although there were no automatic flashing signals at the crossing, statutory standard crossbucks were there with reflector buttons on them and that, at a point approximately 586 feet south of the crossing there was a round customary railroad warning sign with an amber flashing warning light blinking on and off on the east side of the road facing south. Also that the highway from this point to the crossing was straight with a total decline of 4.1 feet and that one's view of the crossing from this point was unobstructed. It further points out that the truck of appellee Transport left no marks of any kind on the pavement; that all cars and the engine had previously crossed the highway and that the caboose was lighted inside, had three windows on the side facing the

approaching truck and carried the standard lighted lantern on the rear.

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence."

\* \* \* \* \*

"The law was enacted because the Congress was dissatisfied with the common law duty of the master to his servant. The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer negligence. The employer is stripped of his common law defenses and for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit." *Rogers v. Missouri Pacific R. Co.* (1957), 352 U.S. 500, 506, 507, 508, 77 S. Ct. 443, 1 L. Ed. 2d 493.

In an action under the Federal Employers' Liability Act the plaintiff must allege and has the burden of proving that the defendant is a common carrier by railroad under the enactment, that the plaintiff was acting within the scope of his employment or was performing the business of the defendant employer at the time of the accident and that the injury complained of resulted in whole or in part from a breach of duty of care owned to the plaintiff by the defendant or facts from which the above can be reasonably inferred. 32 Am. Jr. 2d, *Federal Employers' Liability and Compensation Acts*, § 68, p. 312, § 71, pp. 316, 317.

A verdict may not be directed in favor of the defendant unless there is a total failure or lack of evidence tending to

prove one or more of the material elements of plaintiff's cause of action. *Boswell v. Washington* (1967), 140 Ind. App. 273, 221 N. E. 2d 184, 185, 9 Ind. Dec. 346 (transfer denied); 32 Am. Jr. 2d, *Federal Employers' Liability and Compensation Acts*, § 13, p. 325.

The appellee-administrator alleged in its amended complaint that the appellant Railway was negligent in the following:

"(a) Said defendant negligently and carelessly failed to sound a whistle or bell beginning not less than eighty rods from the crossing of said State Road 421.

(b) Said defendant negligently and carelessly failed to sound a bell continously from within eighty rods from the crossing and until after clearing same.

(c) Said defendant negligently and carelessly operated its train across said highway at a speed of from 10 to 15 miles per hour without warning traffic on State Road 421 approaching said crossing, by either lights, flares or other signals of the approach or presence of said train on said crossing.

(d) Said defendant negligently and carelessly failed to maintain lights or reflectors on the side of its cars as they were crossing said highway, so as to warn motorists approaching on said highway of the presence of said cars on said highway.

(e) Said defendant negligently and carelessly failed to maintain sufficient control over its train as to be able to avoid collision with motorists on said highway and crossing said tracks.

(f) Said defendant negligently and carelessly failed to stop its train before crossing said highway, and negligently and carelessly operated its train across said highway without regard to the aforesaid conditions surrounding the crossing, the heavy traffic on State Road 421 crossing said tracks, the limitation of vision to the southeast corner of said intersection because of natural and artificial objects located therein, and the other conditions then and there existing, as stated hereinabove.

(g) Said defendant negligently and carelessly failed to maintain and erect automatic mechanical devices of elec-

trical and automatic operation, including flash signals, bells or gates, to warn motorists of the presence of said train on said crossing, so as to thereby avoid collision between its said train and heavily loaded trucks and semitractor trailer units at said crossing."

Appellee-administrator further alleged that such act or acts was the proximate cause of appellee administrator decedent's death and that by reason of one or more of such acts the Railway negligently and carelessly failed to furnish said decedent with a reasonably safe place to work.

We are of the opinion, under the Federal decisions and authorities examined concerning a suit for injury or death by an employee against his employer under the Federal Employers' Liability Act, that the evidence in the instant case was sufficient to take the case to the jury and to support the jury verdict for the plaintiff. There is no disagreement here that appellee administrator's decedent was an employee of appellant Railway; that the latter was engaged in interstate commerce at the time of the collision nor that the collision caused his death.

Although appellant Railway strongly argues the complete absence of any evidence to show negligence on appellant Railway which was the cause, in full or in part, of plaintiff's decedent's death, we cannot agree with this contention. There was evidence from which the jury could find or reasonably infer that this crossing was dangerous and such fact was known to the appellant Railway. The evidence indicates that this crossing was at the bottom of a dip in the highway with the road sloping upwards to the south and north of the tracks; that there was no illumination of any kind at the crossing; that a large frame building occupied the northwest corner and a frame one story house occupied the southeast corner. There was also evidence that the appellant Railway Company's rules required that the engineer and fireman light five minute fuses prior to reaching this highway and drop them on the highway as the engine crossed it. Also

the Railway Company provided a light, "more of a flash-light type", with which the engineer and fireman could warn motorists on the highway at this crossing. There was also evidence that this highway was a heavily traveled one, and that on at least one previous occasion the train was stopped and the train crews put out flares. These rules were in addition to the regular statutory requirements as to the ringing of the bell and the blowing of the whistle. The rules were among the rules recorded with the Public Service Commission of Indiana as required by law and were posted on the Railway Company bulletin board and discussed at safety meetings.

These Company rules are admissible in evidence and evidence of their violation can be considered by the jury in passing upon the question of appellant Railway's negligence. *New York Cent. R. R. Co. v. Wyatt, Admrx.* (1963), 135 Ind. App. 205, 233, 184 N. E. 2d 657 (transfer denied 193 N. E. 2d 63); *New York Cent. R. Co. v. Verpleatse* (1945), 116 Ind. App. 1, 11, 59 N. E. 2d 916, 60 N. E. 2d 784 (transfer denied).

The evidence is conflicting on whether the rules were complied with as well as other precautions taken. We are of the opinion, from a review of evidence and under all the facts and circumstances of this case, that the question of negligence of appellant Railway in failing to provide a safe place in which appellee administrator's decedent could perform his work was for the determination of the jury as well as the causal relation between the negligence and his injury. Therefore, we cannot say that there is no evidence or reasonable inferences to sustain the general verdict of the jury in favor of appellant's employee.

"The decisions of this court after the 1939 amendments teach that the Congress vested the power of decision in these actions exclusively in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in

the employee's injury." *Rogers v. Missouri Pacific R. Co., supra,* (1957), 352 U. S. 500, 510, 77 S. Ct. 443, I. L. Ed. 2d. 493; 32 Am. Jr. 2d, *Federal Employers' Liability and Compensation Acts,* § 73, p. 326.

"While it is undoubtedly true there must be some shreds of proof both of negligence and of causation, and that 'speculation, conjecture and possibilities' will not be enough, there appears to be little doubt that under the statute jury verdicts for the plaintiff can be sustained upon evidence which would not be sufficient in the ordinary negligence action." Prosser, *Torts,* § 82, pp. 560, 561, (3 Ed. 1964).

Therefore, the verdict of the jury is not contrary to law and is supported by sufficient evidence. Also, it was not error to overrule appellant Railway's motions for directed verdict or deny its tendered instruction No. 1.

## "B"

Under this section of its argument, appellant contends error in giving plaintiff's instruction No. 72, in refusing to give defendant's tendered instruction No. 45 and that the verdict is excessive.

Appellant's objections to instruction No. 72 on the measure of damages are: 1) that it does not state that the jury should consider as of the date of death the possibility that decedent's widow might marry; 2) does not state to jury that they should limit their damages with regard to the minor children to the period of minority; 3) "that it fails to limit damages to the present value of the pecuniary loss but would permit recovery based upon the reasonable compensation expected to be earned over the decedent's lifetime, which is an improper measure of damages because it must be commuted to its present value . . ." 4) that there is no evidence of the life expectancy of the widow and 5) that it does not clearly limit the jury to considering damages only if liability is established.

Appellant's first objection is combined with his claimed error in refusing to give his tendered instruction covering the possibility of the marriage of decedent's widow.

There was no error in refusing this tendered instruction as the great weight of authorities hold that the remarriage or its possibility should not be considered in the assessment of damages. *Wabash R. Co. v. Gretzinger* (1914), 182 Ind. 155, 169, 104 N. E. 69.

Appellant next contends that the verdict is excessive. Appellant has failed to demonstrate that the verdict was excessive. Although not a modest sum, it is supported by the evidence in our opinion and is not excessive under the decisions on such matters in this state. Appellee's decedent was 28 years of age at the time of his death with a life expectancy of 43.75 years. He was earning approximately $5,000 per year as a brakeman on appellant's railroad. He was good at his work and good to his family which consisted of his wife, and three children ages 2, 8 and 9 at his death. He was in good health and had ambitious plans for the future of his children.

"But the question of the proper measure of damages is inseparably connected with the right of action, and in cases arising under the Federal Employer's Liability Act it must be settled according to general principles of law as administered in the Federal Courts." *Ches. & Ohio Ry. v. Kelly* (1916), 241 U. S. 485, 491, 36 S. Ct. 630, 60 L. Ed. 1117; *Cox v. Northwest Airlines, Inc.,* 379 F.2d 893, 895, (7th Cir. 1967).

Appellant's objections 2 and 3 consume the major portion of his argument. It is correct that the instruction does not contain a specific direction to the jury to determining the present value of the pecuniary loss nor that contributions be limited to the children during minority.

"Providing the Plaintiff is entitled to recover, it is for such damage as would justly compensate her and the surviving dependent children for the pecuniary loss suf-

fered by them. It was the duty of the jury to determine the amount of money or property which the evidence showed it was reasonably certain that decedent would have contributed to his wife in the future and to his children during their minority." *Stark v. Chicago, North Shore & Milwaukee Ry. Co.* 203 F. 2d 786, 788 (7th Cir. 1953) ; *Wetherbee v. Elgin, Joliet & Eastern Ry. Co.* 191 F. 2d 302, 308, (7th Cir. 1951).

"The damages should be equivalent to compensation for the deprivation of the reasonable expectation of pecuniary benefits that would have resulted from the continued life of the deceased." *Ches. & Ohio Ry. v. Kelly, supra* (1916), 241 U. S. 485, 489; *Chicago, B. & O. R. Co. v. Kelley* 764 F.2d 80, 84 (8th Cir. 1934).

". . . when future payments or other pecuniary benefits are to be anticipated, the verdict should be made up on the basis of their present value only." *Ches. & Ohio Ry. v. Kelly, supra,* (1916), 241 U. S. 485, 491.

The instruction in substance told the jury that the measure of damages is compensation for the pecuniary loss sustained by the widow and minor children caused by death of the decedent. Although not a model instruction or one to be recommended for use in an action under F. E. L. A. we are of the opinion that it correctly stated the law as far as it went. It did not, in our opinion, mislead the jury nor instruct them that the children could recover for their pecuniary loss beyond their minority.

"Another error, insisted upon by counsel for defendant, is that in the instruction on the measure of damages the recovery should have been limited to the present value of the loss of future earnings; but while this is the proper criterion and the refusal to give such an offered instruction is reversible error (C. & O. Ry. Co. v. Kelly's Admx. 241 U. S. 485, 36 Sup. Ct. 630, 60 L. Ed. 1117), the defendant waives his right to object, by failure to offer such an instruction where estimation at the present worth is not obviated by the language of the instruction given." (Cases cited).

\* \* \* \* \*

"The instruction given in the instant case is correct except that it does not expressly limit the recovery to the

present value of future payments by deceased to his dependents; nor does it exclude that idea, * * *. Under such circumstances, if defendant desired a more specific instruction upon the question of present value it should have offered such an instruction, and, having failed to do so, cannot now complain." *Illinois Cent. R. Co. v. Skinner's Admx.* (1917), 177 Ky. 62, 197 S. W. 552, 556.

See also: *Western & Atlantic R. R. v. Hughes* (1929), 278 U. S. 496, 499, 49 S. Ct. 231, 73 L. Ed. 473; *Louis. & Nash. R. R. Co. v. Holloway* (1918), 246 U. S. 525, 528, 38 S. Ct. 379, 62 L. Ed. 867; *Indianapolis Traction, etc., Co. v. Lee Extrx.* (1918), 67 Ind. App. 105, 114, 118 N. E. 959.

From the above authority and under the facts and circumstances of this cause and the specific objections of appellant to said instructions we are of the opinion that there was no reversible error in giving instruction No. 72.

### "C" and "D"

Appellant here contends that the court erred in overruling its motion to limit issues and refusing to give its tendered instructions withdrawing the charge of negligence based on failure to maintain reflectors on the side of cars and failure to maintain automatic signals at the crossing.

Since it is not negligence in Indiana for a railroad not to equip its crossings with automatic signals or provide reflectors on the sides of its cars unless required to do so by the Public Service Commission, it is error for a court, when timely requested, to refuse to withdraw such allegations from the consideration of the jury. However, in the instant case, the court instructed the jury that the appellant had no duty to install flashers or reflectors to protect the traveling public and that such failure is no defense in so far as the defendant American Transport Company is concerned.

Under the Federal Employers' Liability Act it was the duty of the railroad to provide its employee, appellee's deceased,

with a reasonably safe place to work, and under Federal law the jury can consider, in determining if such duty was breached, the lack of such equipment. *Woodington v. Pennsylvania Railroad Company,* 236 F. 2d 760, 764, 765 (2nd Cir. 1956); *Dice v. Akron C. & Y. R. Co.* (1952), 342 U. S. 359, 361, 72 S. Ct. 312, 98 L. Ed. 398.

Under the liberal interpretations of the Federal Employers' Liability Act by the Federal Courts and the discretion which trial courts have in such matters we are of the opinion that no reversible error was committed by the trial court in refusing to withdraw these charges.

### "E"

Appellant here combines the trial court's refusal to strike a witness's testimony to the effect that there were automatic flasher signals placed at the crossing after the accident and in admitting Transport's exhibits 1 and 10, plaintiff's exhibits 21 and 22 showing such flashers.

> "Evidence that, subsequent to the accident or injury complained of, changes or repairs of the place, or to the device, causing the injury were made to prevent recurrence of the injury is inadmissible to show prior negligence or as an admission of negligence on the particular occasion in question. On the other hand, such changes or repairs are admissible to show the ownership or control of the place or device at the time of the injury, or show the possibility and practicability of so doing at or before the time of the accident." 21 I. L. E., *Negligence,* § 175 p. 413.

The trial court gave to the jury an instruction that he had permitted the introduction of evidence which showed that at sometime subsequent to the date of the collision automatic flasher signals were erected and that this fact could not be considered as any evidence of negligence whatsoever on the part of defendant Central Indiana Railway Company and not to consider it in their deliberations.

Even if the admittance of such evidence be considered to establish negligence, and that it was therefore error, we are of the opinion that the later instruction by the court ▉ cured any such error. There is a presumption that the jury followed the instruction to disregard improper evidence. *Iterman v. Baker* (1938), 214 Ind. 308, 320, 15 N. E. 2d 365.

The trial court has wide discretion in the admission ▉ and rejection of photographs. We do not find an abuse of this discretion.

Appellant makes some argument to the effect that, due to the repeated use of unnecessary photographs showing flasher signals having been installed subsequent to the accident in question, the prejudice created thereby could not be eliminated by the giving of the court's instruction. This of course, is a conclusion of the appellant. These photographs are not set forth in the brief and were objected to on the sole grounds that each contained the signals. We are unable to determine their importance nor whether they were cumulative without searching the record. There is also evidence of flashers introduced without objection in the record. Therefore, under the circumstances, any error was harmless, cured or waived in our opinion.

## "F"

Appellant here claims error in the trial court's refusal to give its tendered instruction No. 27. This instruction in substance told the jury that, although the Railroad and public have equal rights at the intersection, those operating trains have no obligations to slacken the speed or stop such train when they notice a person crossing or about to cross the track but may presume such person will take all proper precautions to avoid injury.

As a general proposition this tendered instruction is a correct statement of the law. However, there are exceptions to

it under certain circumstances not pertinent here. The case against the appellant Railway was brought under the Federal Employers' Liability Act which, as we have heretofore stated, requires only that negligence of the Railway play any part in the injury of its employee. Thus a jury can consider all circumstances shown in determining whether said Railway provided its employee with a safe place to work. There was evidence, in our opinion, from which the jury could have found or reasonably inferred that this was a hazardous crossing, that such fact was known to the Railway and it was for the jury to determine under all the facts that, if by not insisting on its general right to pass, the Railway failed to provide such reasonably safe place for appellee administrator's decedent to work.

We are also of the opinion that the substance of the instruction was adequately covered by other instructions given and that, therefore, the jury was adequately instructed on this issue.

## "G"

Appellant contends error in refusal to give its tendered instruction No. 35. This instruction would have told the jury, in substance, that the presence of railroad tracks is a warning of danger to anyone approaching and that such person has a duty to use his eyes and ears to learn if the crossing is safe and that if the jury found that the driver of appellee Transport truck negligently failed to perform this duty and that such failure was the sole proximate cause of the accident the plaintiff cannot recover against the defendant Railway.

The court did give defendant Railway's instructions informing the jury that the truck driver had a duty to maintain a proper look-out for vehicles and obstacles rightfully on highway, also that common knowledge and experience is sufficient to warn that the crossing cannot be used when already occupied and that the law does not require that informa-

tion be given of an existing fact that ordinary observation will disclose. Also, that the Railway could assume the truck driver would use his senses of sight and hearing in the exercise of ordinary care when approaching the crossing and that the truck driver was chargeable with knowledge that trains were likely to pass over said crossing. As to the negligence being the sole proximate cause the trial court gave defendant Railway's instruction No. 3 which covered the subject. Therefore, in our opinion the jury was adequately instructed on the subject matter of appellant's tendered instruction.

### "H"

Appellant claims error in admission of plaintiff's exhibits 24 and 25. Both were letters stating the phase and position of the moon at the time of the collision, the former purported to be from the U. S. Naval Observatory in Washington, D. C. and the latter purported to be from the Director of the J. I. Holcomb Observatory in Indianapolis. Appellant objected on the ground that they were hearsay and therefore inadmissible.

The appellant admitted at the trial that these are within the trial court's judicial knowledge. At the same time as plaintiff's exhibits 24 and 25 were offered, plaintiff also offered his exhibit 23, which is identified in the brief only as "* * * the Weather Bureau data for the month of August on the day in question * * *." Without the exhibits in the briefs verbatim or in more detail than therein contained we are unable to say that exhibit 23, to which no objection was made, did not include the information contained in exhibits 24 and 25.

"In ascertaining matters of fact or of law to be judicially noticed, the judge may resort or obtain information from any source of knowledge which he feels would be helpful." 31 C. J. S., *Evidence* § 12, p. 833.

## "I"

Appellant asserts as error the trial court's overruling its motion to set aside submission of cause following questions asked one of appellant's witnesses by counsel for appellee Transport, with regard to other accidents at the particular crossing.

> "The question as to whether error has been committed by reason of alleged misconduct of counsel is a matter which must be considered by us in light of whether a trial judge has abused his discretion in the management of a trial with due regard to the rights of the parties."

*Lawson v. Cole* (1953), 124 Ind. App. 89, 92, 115 N. E. 2d 134.

The trial court has wide discretion in determining whether a case should be withdrawn from the jury because of improper remarks of counsel and, we, on appeal, will not reverse the action of the trial court without a showing that it has abused that discretion to the prejudice of appellant or, notwithstanding the trial court's admonishment, an irregularity preventing a fair trial occurred. *New York Central Railroad Company v. Cavinder* (1967), 141 Ind. App. 42, 211 N. E. 2d 502, 512, 7 Ind. Dec. 52 (Transfer denied).

In the present case the trial court sustained appellant's objection and admonished the jury to disregard the remarks of counsel. The record further shows that appellant moved to withdraw submission along with his objection and the court's action followed.

Under all of the circumstances appellant, in our opinion, has failed to show an abuse of discretion in the trial court's action.

## "J" and "K"

In these two sections appellant contends error in overruling its motion to limit issues; in refusing to give its instruction withdrawing the charge of negligence in operating the train

at 10-15 miles per hour and in not warning by lights, flares or other signals; in refusing to give its tendered instruction withdrawing charges of negligence of failing to stop and negligently operating across highway without regard to surrounding conditions. Appellant further claims error in giving plaintiff's instruction, over objection, pertaining to the dropping of lighted fuses and the Company rule thereon and in admitting into evidence Transport's exhibits 5, 6 and 7.

Once again, this action was not error as to the appellant Railway because the action against it is governed by the Federal Employers' Liability Act. There was evidence introduced on these charges and under the law pertaining to this type of action the jury was to determine, under all of the facts and circumstances, whether the Railway provided the appellee administrator's decedent with a safe place to work. In such an action and under the evidence presented, these were proper charges of negligence and could be considered by the jury in determining the ultimate issue.

### "L"

Error is claimed in sustaining the objection of plaintiff to defendant Railway Company's question on cross-examination of deceased's widow with regard to social security.

Both parties seem to agree that such evidence is inadmissible, however, appellant contends that plaintiff opened the door on the direct examination of such witness.

In an answer to a question by plaintiff's attorney to tell the jury how she got along following the death of her husband, the widow, in pertinent part, stated "Well, it was quite sometime until the security benefits came in. * * *" Her counsel then asked "That is Social Security?" to which she answered "Yes". On cross-examination appellant asked her: "Now, Mr. Young asked you a question and you said something about when your benefits started coming and he said, 'Do you mean Social Security?' Were those Social Se-

curity or were those railroad retirement benefits?" The objection by the attorney for plaintiff was sustained.

> "The cross-examination of a witness is under the control of the trial court, and the whole matter rests in its sound discretion. Accordingly the scope and extent of the cross-examination of a witness is largely within the sound discretion of the trial court, or as it has been variously stated, the scope and control, or the limit, or character and extent, or character and limits, or method and manner, of the cross-examination of a witness is within the sound discretion of the trial court.
>
> \* \* \* \* \*
>
> The exercise of discretion by a trial court with respect to the cross-examination of a witness will not be interfered with unless it appears that there has been an abuse of discretion to the injury of the complaining party \* \* \*." 30 I. L. E., *Witnesses*, § 112, pp. 103-104.

We are of the opinion that the record fails to show an abuse of discretion prejudicial to the appellant Railway nor has it demonstrated such an abuse in this court.

### "M"

Appellant here argues, generally, that its motion to separate the causes of action should have been granted because under Indiana law the defenses of contributory negligence and assumption of risk would be a bar to recovery while under Federal Employers' Liability Act the latter is not and the former only goes to the amount of damages.

> Trial judges have discretion in granting or refusing motions to separate causes against defendants which action is reviewable on appeal but which will not be reversed unless an abuse of discretion is shown.

The burden of demonstrating such abuse and prejudicial results is upon the appellant and we are of the opinion such abuse has not been shown in this cause.

Appellant states in his brief that "the evidence of negligence on the part of the Railroad Company would seem to be nonexistent, yet by being tied in with the other defendant a verdict was rendered against both of them." Appellant fails to specify in what way the evidence is nonexistent nor can we agree that, but for the refusal to separate, a verdict was rendered against appellant. We cannot say there was a total lack of evidence to support the judgment against the appellant in an action under the Federal Employers' Liability Act. Appellant fails to demonstrate an abuse of discretion or prejudicial effect.

*In Section N,* claiming error in giving plaintiff's instruction that the Railroad cannot delegate its duty to provide a safe place to work, appellant cites only one authority. Although we question whether appellant's argument on this point presents the issue properly under the Rules of our Supreme Court, we are also of the opinion that it is a correct statement of law in this type of action. 32 Am. Jr. 2d, *Federal Employers' Liability and Compensation Act,* § 27, p. 270.

*In Section O,* the claimed error in refusing to give appellant's tendered instruction is likewise waived for failure to properly argue, however, we are of the opinion that any error was cured by the giving of other instructions.

*In Sections P, Q and R* appellant Railway claims error in refusing to give certain of appellant's other tendered instructions. This action of the trial court was not error as the subject matter was also sufficiently covered by other instructions given.

Finding no reversible error the judgment is affirmed.

Judgment affirmed.

Carson, C.J., Cooper, J., concur.

Prime, J., concurs in result.

NOTE.—Reported in 240 N. E. 2d 840.