## W. A. Unsell, et al., v. S. B. Sisk.

Decided October 29, 1904.

**Indemnity Bond—Levy—Liability of Sureties.**

Where a constable takes an indemnity bond to indemnify him against loss for the levy of a writ of attachment, and the party whose property is levied on sues him and his indemnitors for making the levy, plaintiff is not entitled to recover against the indemnitors unless he alleges that the making of the bond induced the levy, since he has no right of action on the indemnity bond, but only for the trespass committed in making the levy.

Appeal from the County Court of Delta. Tried below before Hon. J. F. Holmes.

*J. L. Young,* for appellants, cited Cohen v. Adams, 13 Texas Civ. App., 118; Anderson v. Tel. Co., 84 Texas, 17; Railway Co. v. Medlegge, 75 Texas, 634; Longcope v. Bruce, 44 Texas, 434.

*Newman Phillips* and *L. L. Young,* for appellee, cited Cabell v. Hamilton Brown Shoe Co., 81 Texas, 104; Stiles v. Hill, 62 Texas, 431; Lovejoy v. Murray, 3 Wall., 9; Murfree on Sheriffs, 634.

RAINEY, Chief Justice.—Appellee sued appellant Unsell, as constable, and the sureties on his official bond; also A. & J. Katz & Co., J. A. Smith and Arthur Darvin on an indemnity bond, executed and delivered to said Unsell to indemnify him against loss for the levy of a writ of attachment issued in a suit of Katz & Co. v. Davis & Bruce. The writ of attachment was levied on property claimed by appellee. The suit is for damages alleged to have accrued to appellee for the wrongful seizure of plaintiff's property. Upon trial judgment was rendered against all of the defendants.

Exceptions were filed to the petition, which were overruled, and the contention is made here that suit was predicated in part upon the bond of indemnity when no recovery could be had by plaintiff on said bond. We sustain this contention. In the petition the bond is declared on and a recovery sought thereon. No allegations are made that said levy was induced by the giving of said bond. Plaintiff had no right of action on said bond. His action was against the makers thereof by reason of its making inducing the levy, thereby rendering the makers trespassers. In the case of Cabell v. Shoe Co., 81 Texas, 104, where the United States marshal and his indemnitors were sued, Chief Justice Stayton said, "The liability of the indemnitors to the marshal is upon their bond, but their liability to the persons whose property was seized is that of trespassers"; and this is the holding of other decisions of our state.

For the reason that the allegations of plaintiff's petition seek to hold the indemnitors liable, without showing that the levy was induced thereby, and the court having overruled exceptions thereto, the judgment is reversed and the cause remanded.

ON REHEARING.

The appellee, in motion for rehearing, asks that we affirm the judgment as to appellants Unsell and official sureties and Katz & Co., and reverse and dismiss as to sureties on the indemnity bond. We see no reason why this should not be done. There is no error shown as to Unsell and official bondsmen and Katz & Co. The error in the judgment is as to the sureties on the indemnity bond. They were made parties by the appellee, and no recovery was sought against them by Unsell, and a reversal and dismissal as to them in no way affects the other appellants.

The motion for rehearing is granted, and the judgment is affirmed as to Unsell and his official bondsmen and Katz & Co., and reversed and cause dismissed as to the sureties on the bond of indemnity.

Filed November 19, 1904.

*Affirmed in part and reversed and dismissed in part.*