GULF, C. & S. F. RY. CO. v. CARPENTER.
(No. 5810.)

(Court of Civil Appeals of Texas. Austin. Jan.
23, 1918. Rehearing Denied Feb. 27, 1918.)

1. TRIAL ⚖═252(11) — INSTRUCTIONS — CON-
FORMITY WITH EVIDENCE.
   Where the evidence raised no issue of con-
tributory negligence, it was not error to refuse
an instruction thereon.

2. TRIAL ⚖═296(4, 5)—INSTRUCTIONS—CURE
BY OTHER INSTRUCTIONS.
   Error, if any, in failing to submit in main
charge issue of contributory negligence must be
deemed cured by the giving of two requested in-
structions on such issue.

3. APPEAL AND ERROR ⚖═1070(1)—HARMLESS
ERROR—VERDICT—APPORTIONING DAMAGES.
   In action for death of a servant, the em-
ployer cannot complain of apportionment of
damages among all those having a right of ac-
tion, since the lump sum judgment would pro-
tect it against any subsequent action.

4. TRIAL ⚖═336 — VERDICT — SURPLUSAGE —
APPORTIONING DAMAGES.
   Where the jury, in action under federal Em-
ployers' Liability Act (Act Cong. April 22, 1908,
c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§
8657–8665]), found lump sum verdict for the ad-
ministratrix, its apportionment of damages
among her and five children, if error, should be
regarded as surplusage.

5. DEATH ⚖═99(4)—EXCESSIVE DAMAGES.
   Verdict of $35,000 in favor of widow and
five minor children for death of locomotive en-
gineer 37 years old, in good health, earning
$150 per month, with prospects of $200 per
month, with life expectancy of 32 years, and
devoted to his children, was not excessive.

Appeal from District Court, Bell County;
F. M. Spann, Judge.

Action by Mrs. E. B. Carpenter, adminis-
tratrix of E. B. Carpenter, deceased, against
the Gulf, Colorado & Santa Fé Railway Com-
pany. Judgment for plaintiff, and defendant
appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, A. H.
Culwell, of El Paso, and Chas. K. Lee, of Ft.
Worth, for appellant. A. L. Curtis, of Bel-
ton, and Winbourn Pearce, of Temple, for
appellee.

KEY, C. J. Mrs. E. B. Carpenter brought
this suit, as administratrix of the estate of
her deceased husband, E. B. Carpenter, to
recover damages on account of the death of
her husband, she alleging that his death was
caused by the wrongful and negligent con-
duct of the defendant, Gulf, Colorado & Santa
Fé Railway Company. The suit was brought
for the benefit of Mrs. Carpenter and five
minor children of herself and E. B. Carpen-
ter. The petition contained all the necessary
allegations to warrant a recovery under the
federal liability statute. The defendant an-
swered by general and special exception, gen-
eral denial, and plea of contributory negli-
gence and assumed risk. There was a jury
trial, which resulted in a verdict and judg-
ment for the plaintiff for $35,000, apportion-
ed as follows: $15,000 to Mrs. Carpenter,

and $4,000 to each of the five minor children.

The defendant has appealed, and seeks a
reversal upon several grounds, none of which
presents new or difficult questions of law;
and therefore, instead of spending time in a
vain effort to convince every one of the cor-
rectness of our decision, we content our-
selves with announcing our conclusions,
without much elaboration, upon the points
considered by us the most important. How-
ever, this course is not pursued for the pur-
pose of gaining the approval of those who
complain about long opinions in other peo-
ples' cases, but complain still more if the
appellate court fails to discuss every question
decided against them in their own cases.

[1, 2] 1. The main charge of the court is
assailed as being erroneous, because it con-
tained nothing specifically submitting to the
jury the question of contributory negligence.
Appellee's counsel make two answers to that
criticism, both of which are believed to be
sound, and which are: First, that the testi-
mony did not raise the issue of contributory
negligence, and therefore it was unnecessary
to give any charge upon that subject; and,
second, that the court gave two special
charges upon that subject at the request of
appellant, and therefore, if that issue was
presented by the testimony, the requested in-
structions must be considered as supplements
to the main charge, and as curing the omis-
sion complained of in the latter.

[3, 4] 2. Unlike Lord Campbell's Act, and
the statutes of most of the American states,
the federal liability act, under which this
suit was prosecuted, does not require the
jury to make any apportionment of the dam-
ages awarded by the verdict. In this case,
in obedience to the charge of the court, the
jury made such apportionment, which coun-
sel for appellant contend constitutes revers-
ible error. At least two answers may be
made to that contention, and these are:

First. It is quite certain that appellant
was not injured by the apportionment re-
ferred to. According to the clear and undis-
puted testimony, if appellant was liable at
all, such liability was for the benefit of those
among whom the apportionment was made;
and the judgment will protect appellant from
any other claim asserted on behalf of either
of them, based upon the fact that appellant
had wrongfully caused the death of E. B.
Carpenter. This being the case, it is im-
material to appellant as to how much of the
recovery is awarded to each beneficiary.

Second. The verdict reads:

"We, the jury, find for Mrs. E. B. Carpenter,
administratrix, the sum of $35,000, as damages,
and apportion the same as follows: To Mrs.
E. B. Carpenter, $15,000; to Allen Carpenter,
$4,000; to Charles Carpenter, $4,000; to George
Carpenter, $4,000; to Carney Carpenter, $4,-
000; and to Blanche Carpenter, $4,000."

The judgment follows the verdict, and
awards to the plaintiff, Mrs. Carpenter, the

sum of $35,000; and follows that up with the declaration that $15,000 of the amount recovered is for the use and benefit of the plaintiff, Mrs. E. B. Carpenter, and that $4,000 of the amount recovered is for the use respectively of each of the children. Hence it appears that the verdict and judgment award to Mrs. Carpenter, as administratrix of her husband's estate, a lump sum of $35,000, and if the court and jury had no power to apportion the same as between Mrs. Carpenter and the other beneficiaries, such apportionment should be treated as surplusage by any other tribunal having authority to determine the respective rights of the parties referred to. But in either aspect the fact remains that the judgment here complained of will always protect appellant against a subsequent claim founded upon the same cause of action; and therefore appellant is not injured, even though the apportionment may have been improperly made.

3. Two other special charges were asked upon the subject of contributory negligence, both of which were properly refused, because there was no testimony raising the issues covered by those instructions.

4. Several assignments are predicated upon rulings of the trial court in reference to the admissibility of testimony, all of which have been duly considered and are overruled.

[5] 5. The verdict of the jury is assailed as being grossly excessive, but the assignments referred to are overruled. The proof shows that the deceased was about 37 years of age, in good health; had been in the railroad service for a number of years; had been promoted to the position of engineer; that he was then earning about $150 per month, and that the same would have probably increased to from $200 to $225 per month; that his life expectancy was 32 years; that he was devoted to his children, and rendered them valuable service in the way of advice and training. Considering that testimony, and the evidence presented as to the cost of annuities, we do not think it can be properly said that the amount of the verdict indicates that the jury was actuated by some improper motive; and therefore we do not feel justified in holding that it should be set aside.

6. The proof shows that E. B. Carpenter's death was caused by a collision between two trains, one of which he was operating as engineer. He received a written order from appellant, directing him to meet the local freight train No. 71 at Mullin, a station on appellant's road between Brownwood and Temple. While rounding a curve, about five miles before reaching Mullin, his train ran into collision with train No. 71, which he had orders to meet at Mullin, and he was instantly killed. The proof justified the finding of the jury, and we adopt the same, to the effect that the death of E. B. Carpenter

was caused by the negligent conduct of appellant, and that he was not guilty of contributory negligence.

Such being the material facts, and as appellant has not pointed out any material error committed in the court below, the judgment appealed from should be affirmed; and it is so ordered.

Affirmed.