LOUISVILLE & NASHVILLE RAILROAD COM-
PANY *v.* HOLLOWAY, ADMINISTRATOR OF
HOLLOWAY.

ERROR TO THE COURT OF APPEALS OF THE STATE OF
KENTUCKY.

No. 209.   Submitted March 15, 1918.—Decided April 15, 1918.

In an action under the Employers' Liability Act on behalf of the widow of a deceased employee, an instruction that the measure of damages should be such as would fairly and reasonably compensate her for the loss of pecuniary benefits she might reasonably have received but for her husband's death, *held* correct, as a general instruction, leaving to the defendant the right to have it supplemented by another indicating that, in estimating the amount of such compensation, future benefits must be considered at their present value.

Under the Employers' Liability Act, defendant is not entitled to have the jury instructed, as matter of law, that the value of money to the beneficiary should be measured by a specific (the legal) rate of interest, or that the duration of future benefits could not have exceeded the life expectancy of the deceased employee, as given by an actuarial table.

Whether the state court has obeyed a local rule of practice requiring

the substitution of correct instructions for defective ones requested, is a question of state law not reviewable by this court in an action under the Employers' Liability Act.

When not based upon an erroneous theory of federal law, refusal of the state court to reverse a judgment upon the ground that the damages are excessive is not reviewable here in an action under the Employers' Liability Act.

168 Kentucky, 262, affirmed.

THE case is stated in the opinion.

*Mr. Benjamin D. Warfield, Mr. N. Powell Taylor* and *Mr. John C. Worsham* for plaintiff in error.

*Mr. Jas. W. Clay, Mr. J. F. Clay* and *Mr. A. Y. Clay* for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Holloway, a locomotive engineer, was killed on the Louisville and Nashville Railroad while engaged in the performance of his duties. His administrator brought, for the benefit of his widow, an action under the Federal Employers' Liability Act in a state court of Kentucky and recovered a verdict of $32,900. The judgment entered thereon was reversed by the Court of Appeals (163 Kentucky, 125); and, at the second trial, a verdict was rendered for $25,000. Judgment was entered on this verdict, and was affirmed with ten per per cent. damage by the Court of Appeals (168 Kentucky, 262). The case comes here under § 237 of the Judicial Code. The errors assigned in this court and now insisted upon are these:

The first assignment: That the Court of Appeals erred in approving the giving of an instruction and the refusal of another [1] by which the trial judge had denied to the com-

---

[1] The instruction given was: "The measure of recovery, if you for the plaintiff, being such an amount in damages as will fairly

pany the benefit of the rule declared in *Chesapeake & Ohio
Ry. Co.* v. *Kelly,* 241 U. S. 485, 491, that in computing
damages recoverable for the deprivation of future finan-
cial benefits, the verdict should be based on their present
value.

The third assignment: That the Court of Appeals erred
in refusing to reverse the judgment of the trial court on the
ground that the damages were excessive, and in holding as
part of the loss of benefits the widow might have received
and which the jury was entitled to consider "not only her
support and maintenance of $50.00 a month, but in addi-
tion thereto, one-half of the savings, which decedent might
have accumulated if he had lived out his allotted span"
of life.

*First:* The instruction given, though general, was correct.
It declared that the plaintiff was entitled to recover "such
an amount in damages as will fairly and reasonably com-
pensate" the widow "for the loss of pecuniary benefits she
might reasonably have received" but for her husband's
death. This ruling did not imply that the verdict should
be for the aggregate of the several benefits payable at

_____

and reasonably compensate the widow of the said John G. Holloway,
deceased, for the loss of pecuniary benefits she might reasonably have
received if the deceased had not been killed, not exceeding the amount
claimed; to wit: $50,000.00."

The instruction refused was: "The court instructs the jury that
if they shall find for the plaintiff, their verdict cannot, in any event,
exceed a sum which will yield, at interest at 6%, a sum which will
represent the proven pecuniary benefits which Mrs. Holloway received
from her husband in his lifetime, and had reasonable expectation of
receiving from him if he had not been killed. And the Court further
instructs the jury that the amount so awarded by them should be di-
minished by such amount as that, by using the interest and a part
of the principal sum each year, the principal sum will have been ex-
hausted at the expiration of decedent's expectancy of 28.62 years."

No other instruction on the measure of damages was given; and
none was requested, except an instruction, not now insisted upon,
limiting the recovery specifically to $13,737.60.

different times, without making any allowance for the fact
that the whole amount of the verdict would be presently
paid at one time. The instruction bore rather an impli-
cation to the contrary; for the sum was expressly stated to
be that which would "compensate." The language used
was similar to that in which this court has since expressed,
in *Chesapeake & Ohio Ry. Co.* v. *Kelly, supra,* p. 489, the
measure of damages which should be applied.[1] The com-
pany had, of course, the right to require that this general
instruction be supplemented by another calling attention
to the fact that, in estimating what amount would com-
pensate the widow, future benefits must be considered
at their present value. But it did not ask for any such
instruction. Instead it erroneously sought to subject the
jury's estimate to two rigid mathematical limitations:
(1) that money would be worth to the widow six per
cent., the legal rate of interest; (2) that the period
during which the future benefits would have continued
was 28.62 years,—the life expectancy of the husband
according to one of several well known actuarial tables.
The company was not entitled to have the jury instructed
as matter of law either that money was worth that rate, or
that the deceased would not in any event have outlived
his probable expectancy. See *Chesapeake & Ohio Ry. Co.*
v. *Kelly, supra,* pp. 490–492. Nor need we determine
whether the local rule of practice, that if instructions are
offered upon any issue respecting which the jury should be
instructed and they are incorrect in form or substance it is
the duty of the trial court to prepare or direct the prepara-
tion of a proper instruction upon the point in place of the
defective one (see *Chesapeake & Ohio Ry. Co.* v. *De Atley,*
241 U. S. 310, 316), was applicable in the case at bar. That
is a question of state law, with which we have no concern.

---

[1] "The damages should be equivalent to compensation for the
deprivation of the reasonable expectation of pecuniary benefits that
would have resulted from the continued life of the deceased."

In the *De Atley Case,* the Kentucky Court of Appeals assumed for the purposes of its decision that the local rule applied, and was thereby led to decide a question of federal law. Consequently we had and exercised jurisdiction to review its decision upon that question.

*Second:* The third assignment, in so far as it relates to the refusal of the Court of Appeals to reverse the judgment "on the ground that the damages are excessive," is not reviewable here. *Southern Ry. Co.* v. *Bennett,* 233 U. S. 80, 86. It does not appear in the case at bar, as it did in *Chesapeake & Ohio Ry. Co.* v. *Gainey,* 241 U. S. 494, 496, that the action of the Court of Appeals in sustaining the verdict was necessarily based upon an erroneous theory of federal law. As to the alleged error of the Court of Appeals in holding as part of the benefit the widow might have received "not only her support and maintenance of $50.00 a month, but in addition thereto, one-half of the savings, which decedent might have accumulated," it is a sufficient answer that the trial court did not give any instruction on that subject, nor was it requested to give any, and that the Court of Appeals did not hold as stated that the widow could share in the loss to the estate. It held that the pecuniary benefit which the jury was entitled to consider in estimating the widow's damages was not merely what she would have spent for maintenance and support, but what she would otherwise have received from her husband.

*Affirmed.*