GULF, C. & S. F. RY. CO. v. MOSER et al.*
(No. 6845.)

(Court of Civil Appeals of Texas. Austin.
Oct. 21, 1925. Rehearing Denied
Nov. 25, 1925.)

1. Death ⬤➔104(6)—Charge held not objectionable as not requiring jury to reduce decedent's future contributions to present value.

Charge that jury should fix plaintiffs' damages for death of decedent at such sum of money as if paid in cash at this time would be sufficient to fairly compensate them for their actual pecuniary loss, etc., held not objectionable as not requiring jury to reduce decedent's future contributions to plaintiffs to a present value, where, in addition, evidence as to annuities, interest rates, etc., was introduced to determine such present value and case was tried on that theory.

2. Death ⬤➔86(2)—Child entitled to recover for loss of parent's training.

Child was entitled to recover, as damages for death of her parent, his care, training, advice, and counsel which would be of pecuniary value to her.

3. Death ⬤➔103(4)—Damages to child held for jury.

In action for death under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), evidence held sufficient to go to jury on loss child sustained by being deprived of care, training, advice, and counsel of her father.

4. Death ⬤➔67—Evidence of earnings of decedent and expectancy of promotion admissible.

On issue of damages in action for death, plaintiff was properly allowed to show decedent's earnings at time of his death and during years previous while in defendant's employ as brakeman, and that he had reasonable expectancy of being promoted as conductor with increased pay, especially where promotion was a fixed rule and policy.

5. Master and servant ⬤➔250¼—Law of forum governs procedure.

In cases brought under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), law of forum prevails in matters of procedure.

6. Death ⬤➔64—Evidence as to interest on safe securities held admissible as basis for assessing damages.

In action for death under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), evidence showing rate of interest borne by United States government bonds and other safe securities and cost of annuities at such rate of interest held admissible as forming proper basis for assessing amount of damages.

7. Trial ⬤➔194(1), 260(1)—Refusal of charges covered by other charges or on weight of evidence and relating to matters proper for argument to jury held not erroneous.

Refusal of charges covered by main charge, or which went to weight of evidence, and related to matters which were proper for argument to jury, held not erroneous.

8. Death ⬤➔91—Damages to widow not confined to period of widowhood.

Damages of widow for death of her husband are not to be confined to period of her widowhood.

9. Death ⬤➔91—Pecuniary value of widow's services to husband not deducted in determining damages for his death.

In determining amount of widow's recovery for death of her husband, no deduction should be made, from value of his expected contributions to her, of the pecuniary value of her expected future services to him.

10. Appeal and error ⬤➔901—Verdict of jury not impeached without showing misconduct.

Appellant cannot impeach jury's verdict, nor insist that they did not follow court's charge, without showing some misconduct under Rev. St. 1911, art. 2021; Rev. St. 1925, art. 2234.

11. Appeal and error ⬤➔230—Any error in argument of counsel held not presented for review

Any error in argument of counsel held not presented for review, where no objection was made on trial, no exceptions taken, and objection was raised for first time in motion for new trial to which was attached a stenographic copy of both opening and closing address of counsel to jury.

12. Appeal and error ⬤➔932(1)—Verdict viewed in most favorabe light of evidence on question of excessiveness.

On question of excessiveness of verdict in personal injury action, there being no error otherwise, and defendant's liability being fixed, reviewing tribunal must view verdict in most favorable light of the evidence.

13. Death ⬤➔99(4)—$34,000 damages held not excessive.

Verdict of $34,000 for death of brakeman, awarded to dependent wife and daughter, held not excessive, where decedent had an expectancy of 36.73 years and earned an average of over $2,000 per year for five years, and would probably have been promoted to conductor with an increase of pay within a few years, and had a reasonable expectancy of an average annual income of $2,300 for rest of his life.

Appeal from District Court, Bell County; Lewis H. Jones, Judge.

Action by Mrs. Olena Moser, administratrix of John H. Moser, and another, against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

W. W. Hair, of Temple, Terry, Cavin & Mills, of Galveston, and Lee, Lomax & Wren, of Fort Worth, for appellant.
A. L. Curtis, of Belton, for appellees.

BAUGH, J. Suit of Mrs. Olena Moser, as administratrix, to recover for the death of her husband, John H. Moser; the action be-

ing under the federal statute, and it being alleged, shown, and admitted that Moser was a brakeman in the employ of the Gulf, Colorado & Santa Fé Railway Company at the time he met his death, and that both were engaged in interstate commerce. There was a trial before a jury on special issues and judgment rendered for the plaintiffs in the sum of $34,000, apportioned $18,000 to Mrs. Moser and $16,000 to the junior child, Mary Virginia Moser.

Appellant's liability as found by the jury for Moser's death is not questioned on this appeal. Its brief contains 80 assignments of error, followed by 58 additional propositions. We find nothing new or novel in the case, however, and shall not undertake to discuss the assignments in detail, but only to dispose of the issues raised, chief of which is that the verdict is excessive.

[1] Appellant lodges numerous objections to that portion of the court's charge for the jury's guidance in assessing the amount of damages. We have read carefully the charge, and find that it lays down the correct rule as approved by the United States Supreme Court and the courts of this state. C. & O. Ry. Co. v. Kelly, 241 U. S. 485, 36 S. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367; I. & G. N. Ry. Co. v. McVey, 99 Tex. 28, 87 S. W. 328. Appellant labors at great length to show that the trial court did not instruct the jury to reduce such future contributions as appellees had a right to expect from the deceased, had he lived, to a present value. We find no merit in this. The language of the charge was that they should fix same "at such sum of money as if paid in cash at this time would be sufficient to fairly compensate the surviving wife and child for such actual pecuniary loss," etc. The language "at this time" clearly encompassed present value of future expectations. In addition, evidence as to annuities, interest rates, interest-bearing investments, etc., was introduced for the purpose of determining such present value, and the case was tried on that theory. The main charge was sufficient.

[2, 3] Nor do we agree with appellant's contention that there was no evidence that the child could reasonably expect care, training, advice, and counsel of her father which would be of pecuniary value to her. She was entitled to recover for such loss. I. & G. N. Ry. Co. v. McVey, supra. Of necessity the pecuniary value of such services is difficult to determine. When the character, education, habits, and station in life of the father, the atmosphere in which his child is to be reared, and his affection for and interest in his child, are shown, manifesting the fitness of the parent to furnish these elements, there was sufficient evidence to go to the jury on the loss of same; and it was within the sound discretion of the jury, with this light before them, to pass upon their value. M. C. Ry. Co. v. Vreeland, 227 U. S. 59, 33 S. Ct. 192, 57 L.

Ed. 417, Ann. Cas. 1914C, 176. See, also, I. & G. N. Ry. Co. v. McVey (Tex. Civ. App.) 83 S. W. 34.

[4, 5] There was no error in permitting appellees to show Moser's earnings at the time of his death and during the years previous thereto while in appellant's employ as brakeman, nor that he had a reasonable expectancy of being promoted to a position as conductor with increased pay. The admissibility of such testimony has been expressly decided in this state. See Ry. Co. v. Stalcup (Tex. Civ. App.) 167 S. W. 279; Hines, Director General v. Glasgow (Tex. Civ. App.) 217 S. W. 1114. And in cases brought under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657-8665), in matters of procedure the law of the form prevails. C. & O. Ry. Co. v. Kelly, supra. Hence the numerous cases cited by appellant and quoted from at length, from other states, have no application to this case. The evidence also showed that the matter of promotion of brakemen to conductors in appellant's employ was not left merely to chance or speculation, but was a fixed rule and policy, recognizing seniority among employees, and had been followed in years past. Ry. Co. v. Elliot, 149 U. S. 268, 13 S. Ct. 837, 37 L. Ed. 731.

[6] Nor was there any error in permitting the appellees to show the rate of interest borne by United States government bonds, and other safe securities, and the cost of annuities at such rate of interest. Long-time investments of large sums of money in safe securities usually yield a lower rate of interest than smaller short-term loans. The jury was not bound to accept the testimony of real estate brokers and money lenders that money could be made to yield a net rate of 8 per cent. on real estate security in Texas. Experienced business men, by the use of their skill and ability, and by reinvestments in small amounts, might safely obtain a return of 8 per cent. But in such cases it is the skill of the investor as well as the investment which goes to make up the return. The jury was not bound to accept any fixed rate of interest, nor even a fixed expectancy in years, and could have concluded that for Mrs. Moser and her two year old child, deprived of both the support and counsel of the husband and father, a permanent investment in guaranteed securities at a low rate of interest was a proper basis for assessing the amount of damages. Such was their province. L. & N. Ry. Co. v. Holloway, 246 U. S. 525, 38 S. Ct. 379, 62 L. Ed. 869.

[7, 8] We shall not undertake to discuss in detail the 27 special charges requested by appellant and refused by the court. Most of them were either already covered by the main charge or went to the weight of the evidence, and related to matters which were proper for argument to the jury. There was no error in refusal of the court to instruct the jury to confine the period of Mrs. Moser's recovery to

that of her widowhood. Appellant admits that the Texas decisions are against him on this contention.

[9] Nor is there any merit in its contention that in arriving at the amount of Mrs. Moser's recovery, the jury should have been instructed to deduct, from the value of his expected future contributions to her, the pecuniary value of her expected future services to him. Under appellant's proposition, if Mrs. Moser had herself been earning an income, and would probably have contributed services to him equal in value to his probable and expected services to her, she would have been entitled to recover nothing for his death. Or, as a reductio ad absurdum, if, as might be true in some instances, the pecuniary value of the services to be rendered the husband by the wife should exceed the pecuniary value of the services to be rendered the wife by the husband, and the railway company should negligently kill the husband, under appellant's theory she would be indebted to the company for his death.

[10] Appellant cannot impeach the verdict of the jury nor insist that they did not follow the court's charge in arriving at their verdict without showing some misconduct of the jury under article 2021, R. S. 1911; article 2234, R. S. 1925. In the absence of such misconduct, the mental processes and calculations which guided the jurors, under the court's charge, in arriving at their verdict, cannot be inquired into.

[11] Appellant addresses six assignments to argument of appellees' counsel. No objection to such argument was made on the trial, no exceptions thereto appear in the record, and objection was raised for the first time in a motion for a new trial to which was attached a stenographic copy of both the opening and closing address of appellees' counsel to the jury. Under these circumstances, these assignments will not be considered.

[12, 13] This brings us to the question of the excessiveness of the verdict. There being no error otherwise, and appellant's liability being fixed, we must view the verdict in the most favorable light of the evidence. There was evidence to show that J. H. Moser was 28 years old at the time he met his death; that he was in good health, strong, sober, industrious, efficient, and, when not employed, at home with his family; that during the preceding 5 years in appellant's employ he had earned an average over $2,000 a year; that according to United States mortality tables he had an expectancy of 36.73 years; that he would probably have been promoted to a conductor with an increase of pay within a few years, and had a reasonable expectancy of an average annual income of about $2,300 for the rest of his life, or an aggregate total expected income of about $84,000; that an annuity of $2,000 a year for 36 years would cost

$36,720; that deceased loved his family and was devoted to his child. This case is in many respects similar to that of G., C. & S. F. v. Carpenter, 201 S. W. 270, in which this court held that a verdict for $35,000 was not excessive. In Freeman v. McElroy (Tex. Civ. App.) 126 S. W. 657, where deceased was earning $75 per month at the time of his death, a verdict for $22,500 was held not to be excessive. In Ry. Co. v. Pingenot (Tex. Civ. App.) 142 S. W. 93, a verdict for $28,500 for death of a man 48 years of age earning $150 a month, in favor of his dependents, was held not to be excessive. In Tex. P. & L. Co. v. Bristow (Tex. Civ. App.) 213 S. W. 702, verdict for loss of deceased, who was 31 years old and earning over $2,000, a year, in favor of wife and children, for $28,000, was held not to be excessive. In Hines v. Mills (Tex. Civ. App.) 218 S. W. 777, recovery by the wife and five minor children of a judgment for $40,000 for the death of the husband and father, a fireman 38 years of age and earning $185 per month, was not disturbed. In the light of the facts proven and the adjudicated cases, we are not prepared to say that the verdict for appellees for $34,000 is excessive. Nor was its distribution by the jury material to appellant. G., C. & S. F. v. Carpenter, supra.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.