## TEXAS & P. RY. CO. v. PERKINS.
### No. 3880.

Court of Civil Appeals of Texas. Texarkana.
July 23, 1930.

Rehearing Denied July 31, 1930.

J. H. T. Bibb, of Marshall, for appellant.

Franklin Jones and Barret Gibson, both of Marshall, for appellee.

LEVY, J. (after stating the case as above).

The assignments of error present, in effect, that the requested peremptory instruction should have been given the jury because (1) there was no negligence; (2) the injury was due merely to the risk ordinarily incident to the performance of the particular work; and (3) the injury was due to an unavoidable accident. It is believed that the trial court correctly passed the three points to the jury for decision. On the whole the conclusion that best fits all the circumstances is that the injury of the appellee arose, not from an unaccountable accident or from a risk merely incident to his employment, but from the negligence on the part of a fellow workman in tamping the gravel with too much force and rapid movements of the shovel. The undisputed evidence of Robert Smith, the fellow workman, accounts for the injury as follows: "We were all working on (with) speed and I made an awkward lick and my shovel kind of turned in my hand, and in making that awkward lick some of the gravel flew up, and Claude (plaintiff) said, 'Look and see what is in my eye.'" This evidence tends to show where the stone which struck appellee came from, and how and from what cause it flew out from the gravel which had been shoveled under the tie and was being packed or tamped. An awkward lick or stroke on the ground under the tie was made with the shovel, causing the shovel to turn in the hands of the workman and a stone to be thereby thrown up against appellee's eye. The presumption is raised, and perhaps a strong one, that the "awkward lick" or stroke made with the shovel at the time was due to the "speed" or quick movements made with the shovel in the packing or tamping of the

gravel which lay beside or near the level of the tie. The evidence of the section foreman rendered it most improbable that either such awkward lick made with the shovel or the flying out of the stone at such a distance was not a result of negligence, but was merely incident or usual to the nature of the work being done at the time. According to the section foreman, "in doing that work it is unusual for gravel to fly upward when struck with the shovel. I never heard of any one getting their eye put out that way. Sometimes gravel will fly up and strike a man on the body, but I never heard of anybody being struck in the eye that way before. * * * In the ordinary way of shoveling gravel under the tie you would not expect it to fly up. If a man is using a shovel up near the top of the tie you wouldn't expect, in the ordinary movement of tamping the gravel, for gravel to fly up. It would look like carelessness if it did. * * * If a fellow is handling a shovel right you won't see any rocks (fly up). Before a rock would fly up it would be up to somebody to handle the shovel wrong." As may be seen, the section foreman affirmatively stated that, "in the ordinary movement of catching up (tamping)," a stroke or lick of the shovel against the gravel would not cause a stone to fly up so high as the eye of the person. As the foreman explains, when the section hand "is handling his shovel right" and does not "handle the shovel wrong," the packing or tamping of the gravel will not cause "gravel to fly up" upon the body of a person so high as the eye. At least, the jury were authorized to conclude, as is their province to do, that in packing or tamping the gravel with the shovel Robert Smith was handling it in too rapid strokes and with too much force, and in so doing was, under the circumstances, guilty of negligence proximately causing the injury. The court would not be warranted in holding as a matter of pure law that the circumstances are insufficient to show the injury to be due to any negligence.

■ By assignment of error No. 7 the appellant complains of special issue No. 2 because "there was no pleading supporting the issue submitted." Issue No. 2 reads: "Do you find and believe from a preponderance of the evidence that Robert Smith was negligent in the manner in which he used his shovel at the time Claude Perkins received his injuries, if any?" Though the issue is not phrased in the very words of the allegation, yet it does state the substance of the allegation. The petition set up that Robert Smith "carelessly and negligently struck under said tie with his shovel, unnecessarily exerting great force and violence in said movement and striking the rocks in such manner as to force a piece of rock or gravel against and into the eye of the plaintiff." The negligence specifically complained of was the act of "unnecessarily exerting great force and violence in said movement," meaning with the shovel. The basic fact counted on was not that the gravel, against which such force was used in tamping, had been placed "under the tie"; that was an incidental circumstance which, at most, could be a matter of evidence.

■■ It is urged that there was error in giving the requested special charge A, because it was in the nature of a general charge. The charge complained of explained to the jury that, "in answering special issue No. 6," the "plaintiff was not required to anticipate the negligence, if any, of Robert Smith," etc. Special issue No. 6, to which the charge referred, required a finding by the jury of whether or not the plaintiff knew, or by the exercise of ordinary care should have known, of the risk of injury from flying gravel from "the manner in which" the tamping or packing of the gravel was being done. In the light of the undisputed evidence of the section foreman, the risk of injury was slight when packing or tamping gravel in the usual and ordinary way, and the appellee could not have been injured in the eye except from careless or negligent handling of the shovel by Robert Smith. As a matter of law, the appellee did not assume the entire risk regardless of whether or not Robert Smith was negligent in handling the shovel. It is believed that in the circumstances the submission of any issue relating to assumed risk was not warranted and the giving of the special charge was harmless and does not warrant a reversal. Railway Co. v. Casey (Tex. Civ. App.) 172 S.W. 729.

[8, 9] The court's main charge explained to the jury that in allowing damages for future benefits such sum should be made up on the basis of its "being paid now in cash," or the present value thereof. The appellant requested a special charge explaining to the jury as to damages for future benefits that "in determining the present value thereof you should take into consideration the rate of interest at which money can be safely and securely invested," etc. There was no testimony in the case showing or going to show "the rate of interest at which money can be safely and securely invested." Neither side offered evidence, as in Ry. Co. v. Moser (Tex. Civ. App.) 277 S. W. 722, of any specially prevailing or usual rate of discount, or what was the reasonable rate of discount. Had there been such evidence before the jury the special charge would have been applicable and should have been given. Ry. Co. v. Mosler. 275 U. S. 133, 48 S. Ct. 49, 72 L. Ed. 200. The court's main charge was quite broad enough, in the absence of such special evidence as to invest and discount, to authorize the jury, in their judgment and general knowledge, to

make the discount for present payment at the legal rate of interest. The objection now complained of does not complain of the failure of plaintiff to make proof of discount. Therefore in the present case there was no affirmative error in the court's charge.

It is concluded that there is no reversible error in the record, and accordingly the judgment is affirmed.