## 14810

### GRIMSLEY v. ATLANTIC COAST LINE R. CO.

(1 S. E. (2d), 157)

*Messrs. W i l l c o x, Hardee & Wallace* and *Woods & Woods,* for appellant,

*Messrs. McEachin & Townsend,* for respondent,

January 30, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent was in the employ of the appellant railroad company which at the time of the occurrence which gave rise to this action, was engaged in interstate commerce.

The complaint sets forth that while the plaintiff, a machinist, was at work in the shops of the defendant at Florence, South Carolina, engaged in repairing an engine, the property of the defendant, and which was then being used in interstate commerce, through the negligence of the servant and employee of the defendant, who was assigned to

assist the plaintiff at his work on the engine, plaintiff suffered serious and permanent bodily injuries; that he suffered great pain, and was unable, for about two years, to engage in any occupation; that he is seriously and permanently disabled, and permanently handicapped in making a living for himself and his family. There follows a detailed statement of the acts of negligence of which plaintiff complains.

By way of answer, the defendant admits the allegations of Paragraphs 1, 2, 3, 4, 5 and 9; and so much of Paragraph 6 as alleges that plaintiff sustained a fracture of the right leg; that he was treated in a hospital at Rocky Mount, N. C., and confined there for several months; that he was disabled for a considerable time to perform the work incident to the position in which he was employed, but denies the remaining allegations of Paragraph 6; denies the allegations of Paragraphs 7 and 8. Further, and by way of affirmative defense, pleads the doctrine of assumption of risk.

It is conceded that the suit falls under the provisions of the Federal Employers' Liability Act, 45 U. S. C. A., § 51 *et seq.*

The case was heard by Judge Lide, with a jury, and resulted in a verdict for plaintiff in the sum of $25,000.00.

A motion for new trial was made by defendant, upon grounds, the germane part of which is included in the following ground: "2. Because of error of the Court in charging the jury that if plaintiff was entitled to a verdict, the verdict 'can only be for actual or compensatory damage, it shall include all damages, present or prospective;' it being submitted that since this case was brought under the Federal Employers' Liability Act, it was the duty of the Court to charge the jury that any future or prospecive damages must be reduced to their present cash value."

A further ground of the motion was that the verdict was excessive, based on caprice and prejudice.

In an order, elaborately reviewing the applicable law and the evidence, his Honor ordered that a new trial be granted

unless the plaintiff in ten days thereafter reduced, in writing, the verdict to $20,000.00. This was done.

The defendant appeals on six exceptions which, it states in its brief, make for decision the following question: "Did the Circuit Judge err in his charge as to the measure of damage, in that having instructed the jury that it was required to include in its verdict all damages, both present and future, he failed to limit the recovery of future damages to their present value?"

We think that it must be conceded that in this jurisdiction in an action brought under the Federal Employers' Liability Act, the rule prevails that when prospective damages are included in the verdict, they must be reduced to their present cash value.

We may go further and concede that it is the duty of the Court so to instruct the jury, whether or not the instruction has been asked for.

Is it necessary to the validity of the verdict in such action that the Court shall state the rule in the exact language laid down in the Federal case of *Chesapeake & O. R. Co. v. Kelly,* 241 U. S., 485, 36 S. Ct., 630, 631, 60 L. Ed., 1117, L. R. A., 1917-F, 367? To wit: " '* * * * fix the damages at that sum which represents the present cash value of the reasonable expectation of pecuniary advantage * * *.' "

The cash value rule, as it is ordinarily called, has been considered in several State and Federal cases in recent years.

In the case of *Tyner v. Atlantic Coats Line Ry. Co.,* 149 S. C., 89, 146 S. E., 663, 665, the Circuit Judge refused to charge the request of the defendant, to the effect that "the damage is limited strictly to the financial loss sustained and is always the present cash value of the future benefits of which the beneficiaries were deprived by the death, making adequate allowance according to the circumstances for the earning power of money. * * *"

This Court held that the refusal so to charge was harmless in view of the fact that the Circuit Judge charged the jury as follows: "* * * that if they come to the con-

clusion * * * that the plaintiff is entitled to a verdict, that the measure of recovery * * * is such amount as will fairly and reasonably compensate the widow of Mr. Marshall and his dependent children for the loss of pecuniary benefits which they might reasonably have received if the deceased had not been killed, * * *."

On appeal, the United States Supreme Court reversed the action of this Court, not because it held the instructions given to be erroneous, but because the Circuit Judge refused to give the instruction requested by the defendant. See 278 U. S., 565, 49 S. Ct., 35, 73 L. Ed., 508.

In the present case, no request was made by defendant-appellant for a charge on the present cash value of future benefits, but it contends that it was the duty of the Court to give the instruction, although no request had been made therefor; and cites some authorities therefor. But we think the better rule is as has been later laid down in later cases.

In the case of *Louisville & N. R. Co. v. Holloway*, 246 U. S., 525, 38 S. Ct., 379; 380, 62 L. Ed., 867, on the trial of the case, the Court charged the jury: "The measure of recovery if you find for the plaintiff, being such an amount in damages as will fairly and reasonably compensate the widow of the said John G. Holloway, deceased, for the loss of pecuniary benefits she might reasonably have received if the deceased had not been killed * * *."

The plaintiff recovered and the defendant appealed. Mr. Justice Brandeis said: "The instruction given, though general, was correct. It declared that the plaintiff was entitled to recover 'such an amount in damages as will fairly and reasonably compensate' the widow 'for the loss of pecuniary benefits she might reasonably have received' but for her husband's death. This ruling did not imply that the verdict should be for the aggregate of the several benefits payable at different times, without making any allowance for the fact that the whole amount of the verdict would be presently paid at one time. The instruction bore rather an implication to the contrary; for the sum was expressly stated to be that

which would 'compensate.' The language used was similar to that in which this Court has since expressed [in *Chesapeake & O. R. Co. v. Kelly, supra*], the measure of damages which should be applied. The company had, of course, the right to require that this general instruction be supplemented by another calling attention to the fact, in estimating what amount would compensate the widow, future benefits must be considered at their present value. *But it did not ask for any such instruction.* * * * " (Italics added.)

Counsel for appellant in this action are able and experienced lawyers. Doubtless, they are well aware of the "present cash value" rule. Inasmuch as they did not ask for specific instruction thereabout, it is a fair inference that they were satisfied with the instruction as given, and that they waived further instruction thereabout.

In the case of *Chesapeake & O. R. Co. v. Kelly, supra,* we find the following: "In the course of the opinion [in the case of *Vicksburg & M. R. Co. v. Putnam,* 118 U. S., 545, 7 S. Ct., 1, 30 L. Ed., 257] the Court, by Mr. Justice Gray, said (page 554 [7 S. Ct., page 2]) that the compensation should include 'a fair recompense for the loss of what he would otherwise have earned in his trade or profession, and has been deprived of the capacity of earning by the wrongful act of the defendant. * * * In order to assist the jury in making such an estimate, standard life and annuity tables, showing at any age the probable duration of life, and the present value of a life annuity, are competent evidence. * * * But it has never been held that the rules to be derived from such tables or computations must be the absolute guides of the judgment and the conscience of the jury.' "

This citation is made only to evidence the liberal tendency of the Courts in the matter of determining what is a fair and reasonable (or just) compensation in estimating damages in cases of this character.

In the annotation to the case of *Chicago & N. W. R. Co. v. Candler,* 8 Cir., 238 F., 881, 28 A. L. R., 1174, the anno-

tator, at page 1177, has this to say: "The cases are not altogether in accord, on the question under annotation, as to whether the jury, in determining the amount of damages which should be allowed for future pain and suffering, should apply the present-worth rule applicable in assessing damages for impaired earning capacity. Several cases apparently approve the adoption of this rule in assessing damages for future pain and suffering, but in other cases the rule is regarded as too arbitrary and artificial when applied to this kind of damages, for which there is no exact money standard, and as likely, when so applied, to result in a verdict which is less equitable and just than when the entire question of the amount which should be allowed for such damages is merely left to the impartial discretion of the jury, in view of all the circumstances, subject to judicial review for abuse of that discretion. * * * "

It is true that this citation relates to the question of reducing to the present cash value damages allowed for future pain and suffering, but the principle is the same as that which prevails when the damages allowed cover the present cash value of future earnings. There is no set rule by which to determine such "present cash value." Quoting the language of the above annotation: "* * * for which there is no exact money standard, and as likely, when so applied, to result in a verdict which is less equitable and just than when the entire question of the amount which should be allowed for such damages is merely left to the impartial discretion of the jury, etc."

Frankly, it seems to us that when the jury is instructed that they must reduce the amount of damages found by them for future earnings or benefits, to their present cash value, and there is no standard or rule given them by which to measure or estimate such present cash value, they are left to flounder in doubt, or else in conjecture or speculation. When, therefore, they have been given the instruction that if they find for the plaintiff, they must give such damages as will fully compensate plaintiff

for all that has been lost by the wrongdoing of defendant, the jury has been given a standard by which, under the circumstances of the case, they can find such damages as do fully compensate the plaintiff.

After the decisions of the United States Supreme Court in the cases of *Tyner v. Atlantic Coast Line R. Co., supra; Chesapeake & O. R. Co. v. Kelly, supra;* and *Louisville & N. R. Co. v. Holloway, supra,* this Court heard and determined the case of *Youngblood v. Southern Ry. Co.,* 152 S. C., 265, 149 S. E., 742, 744, 77 A. L. R., 1419. In that case a verdict had been rendered for plaintiff. On the trial, the Circuit Judge gave the following charge on the measure of damages:

" ' (15) If the jury conclude that, under the law as charged by the Court and according to the evidence in the case, the plaintiff is entitled to recover a verdict then such verdict should cover the pecuniary, or monetary, loss sustained by the beneficiaries named in the act by reason of the alleged wrongful death of the intestate; but no damages, other than pecuniary, or monetary, damages or loss, can·be considered by the jury in making up the amount of the verdict, if any is to be awarded.'

" ' (16) In determining the amount of damages, if any are' to be awarded to the plaintiff, the jury are to consider only the pecuniary loss or damage, if any, flowing to the dependent beneficiaries named in the act and in the complaint. * * * ' "

The action was brought under the Federal Employers' Liability Act. One of the exceptions on appeal to this Court was that the presiding Judge erred in his charge on the measure of damages "in failing to charge that only the present cash value of the reasonably expected pecuniary benefits of which the beneficiaries were deprived by the death of plaintiff's intestate was recoverable in any event."

Mr. Justice (now Chief Justice) Stabler, delivering the opinion of the Court, said thereabout: "There is no instruc-

tion in *totidem verbis* as to 'present value,' and the appellants contend that what the trial Judge actually charged 'cannot possibly be construed as submitting to the jury the present value of damages,' but, on the contrary, 'authorized the jury to award the present recovery of the total future benefits without making any deduction or discount to ascertain their present worth.' "

The opinion then quotes from the opinion of the U. S. Supreme Court in the *Kelly case, supra,* the following: " 'The damages should be equivalent to compensation for the deprivation of the reasonable expectation of pecuniary benefits that would have resulted from the continued life of the deceased. * * * So far as a verdict is based upon the deprivation of future benefits, it will afford more than compensation if it be made up by aggregating the benefits without taking account of the earning power of the money that is presently to be awarded. It is self-evident that a given sum of money in hand is worth more than the like sum of money payable in the future.' "

The opinion then quotes from the *Holloway case, supra,* the same excerpts from that case which we have quoted above.

The ultimate of Mr. Justice Stabler's o p i n i o n in the *Youngblood case* is in these words: "We deduce from these authorities that, as the present value rule laid down by the United States Supreme Court as to the measure of damages is 'an integral part of the statute,' it is incumbent on the trial Judge to instruct the jury as to that rule, whether he be so requested or not; but, when such instruction is correct as a general statement of the rule, a party desiring more detailed instruction must make request therefor. In the case at bar there was no request for a charge as to the present value rule; but, as there was no charge at all, general or otherwise, stating the rule—the charge given not being susceptible of such construction—we think there was error. This exception is sustained."

It remains to be inquired whether the charge of Judge Lide in the case at bar is in accord with the construction of the present value rule as just above quoted.

So much of the charge as relates to the measure of damages is here reproduced: "Mr. Foreman and gentlemen, if you find from the evidence that the plaintiff is entitled to a verdict at your hands, then you would consider the measure of damages. I charge you that this action is for actual and compensatory damages only and not for punitive damages, or damages by way of punishment. We have gotten into the habit of calling them actual damages. The term that was formerly used was 'compensatory.' The words are practically the same 'actual' or 'compensatory'—to compensate; to put the person in the same position as he was before the injury so far as that may be practicable. I charge you that the measure of damages would be the actual amount naturally and proximately resulting from the injury. The complaint here alleges as elements of damage, pain and suffering, physical impairment, loss of time, and diminution of earning capacity. Those elements must be proven by the preponderance or greater weight of the evidence. I charge you further that the plaintiff would not in any case be entitled to conjectural or speculative damages. It is for you to determine from the evidence, first, if he is entitled to a verdict at your hands, and what amount he is entitled to as actual damages under the evidence in the case. * * * "

At the end of the charge counsel for plaintiff said: "We would like for your Honor to charge on the measure of damages they have the right to take into consideration future earning capacity."

In reply to this, the Court said: "I charge you, while plaintiff would not be entitled to conjectural or speculative damages, yet, if you find that he is entitled to a verdict, and this can only be for actual or compensatory damages, it shall include all damages, present or prospective, which are naturally the result of the alleged wrongful act."

It seems to us that this general charge is strictly in line with that in the *Holloway case,* approved by Mr. Justice Brandeis. The idea of giving compensation to the plaintiff runs entirely through it. Appellant did not ask that this general charge be made more specific, hence, we think there is nothing in this view which runs counter to the final view expressed by this Court in the *Youngblood case.* One phrase of Judge Lide's charge is especially significant and forceful: "The words are practically the same 'actual' or 'compensatory'—to compensate; to put the person in the same position as he was before the injury so far as that may be practicable."

One is here reminded of a saying of that great Judge, Mr. Justice Cardozo: "The law has outgrown its primitive stage of formalism, when the precise word was the sovereign talisman and every slip was fatal." *Wood v. Duff-Gordon,* 222 N. Y., 88, 91, 118 N. E., 214.

The matter of granting a new trial is one within the discretion of the trial Judge. We find nothing indicating abuse of discretion in the order granting a new trial *nisi.*

The respondent's counsel say in their brief: "As the present value rule with regard to future earning capacity is merely a measure of damage, and as the plaintiff's injury and suffering were and are great, the remission of Five Thousand ($5,000.00) Dollars of the verdict cures the failure to charge more specifically the present value rule."

We do not adopt this statement as correct, but it leads us to remark that the jury, which must determine in dollars and cents the value of pain and suffering, has a hard road to travel.

We think in this case the appellant has no ground of complaint for that five thousand dollars have been taken from the verdict rendered against it by the jury.

All exceptions are overruled and the judgment is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Baker and Fishburne concur.

MR. JUSTICE CARTER did not participate on account of illness.