171 P.3d 745 (2007)
Marilyn SKENDER and David Dziurda, Appellants,
v.
BRUNSONBUILT CONSTRUCTION AND DEVELOPMENT CO., LLC; Brunsonbuilt Construction & Development, a Nevada General Partnership; Edward B. McCaffrey, III, an individual and General Partner; and Douglas C. Brunson, an individual and General Partner, Respondents.
No. 44959.
Supreme Court of Nevada.
November 5, 2007.

ORDER DENYING EN BANC RECONSIDERATION
Appellants Marilyn Skender and David Dziurda (collectively, Skender) and Brunsonbuilt Construction and Development Co., LLC separately petition for en banc reconsideration of this court's opinion in Skender v. Brunsonbuilt Construction & Development Co.,[1] which was filed on December 28, 2006. In Skender, we reversed the district court's judgment entered on a jury verdict in a constructional defect case, and an order awarding interest, costs, and attorney fees, and we remanded the matter for a new trial consistent with our holding.
*746 En banc reconsideration is disfavored, and this court will only reconsider a matter when necessary to ensure consistency in our decisions or when the case implicates important precedential, public policy, or constitutional issues.[2] Here, for the reasons articulated below, we deny the petitions for en banc reconsideration. As our opinion in this matter fully sets forth the operative facts, we do not recount them in this order.
Skender's petition for en banc reconsideration
In her petition for en banc reconsideration, Skender argues that en banc reconsideration is warranted to maintain uniformity within this court's decisions because Skender overruled Shuette v. Beazer Homes Holdings Corp.[3] sub silentio. She further asserts that Skender's holding cannot be reconciled with NRS 41.141, which establishes a comparative negligence defense for "injur[ies] to property," or with NRS 40.640(1), which describes a contractor's liability for constructional defects. We disagree with these contentions.
Shuette v. Beazer Homes Holdings Corp.
Skender claims that our holding in Skender implicitly overruled Shuette by allowing contractors to assert a defense based on comparative negligence in any case in which the homeowner has somehow contributed to the causation of a constructional defect. Skender's result, however, is entirely consistent with Shuette.
In Shuette, we explained that comparative negligence properly applies "to conduct that proximately contributes to an injury's causation."[4] But, because Shuette did not involve a homeowner/plaintiff who participated in the design, construction, or manufacture of the house and therefore could not have contributed to any defects present at the time of construction,[5] we explained that "comparative negligence does not apply when the defect is present from the time of construction."[6]
In contrast, here, Skender "supplied the design plans and was actively involved in overseeing" the construction of her residence.[7] Accordingly, in light of the definition of comparative negligence recognized in Shuette, in Skender we held that a comparative-negligence defense is appropriately raised when the homeowner participates in the planning and design of the residence that is the subject of the constructional defect action.[8]Skender applies comparative negligence to situations that we recognized in Shuette, when the homeowner's conduct proximately contributed to the alleged constructional defect's existence.
Our holding in Skender thus signifies that a homeowner's participation in the design and construction of the residence may give rise to a comparative negligence instruction if the participation contributed to the defect. Since Shuette did not involve a homeowner's participation as a contribution to a constructional defect, Shuette represents a different factual scenario. Accordingly, as these opinions are legally consistent, we conclude that en banc reconsideration is not warranted on this basis.
NRS 41.141 and NRS 40.640(1)
Skender also argues that comparative negligence cannot be applied to constructional defect cases, beyond the scope articulated in Shuette, because such defects do not constitute "injury to property" under NRS 41.141 and because the defense is inconsistent with NRS 40.640(1). Skender specifically contends that NRS 40.640 does not allow for shared liability for the same constructional defect.
NRS 40.640(1) states,
In a claim to recover damages resulting from a constructional defect, a contractor *747 is liable for his acts or omissions or the acts or omissions of his agents, employees or subcontractors and is not liable for any damages caused by:
1. The acts or omissions of a person other than the contractor or his agent, employee or subcontractor.
Even if this court agreed with Skender's characterization of NRS 41.141, that constructional defects do not constitute injury to property, we disagree with her characterization of NRS 40.640(1). While NRS 41.14's comparative negligence defense does not extend directly to constructional defect cases because it pertains to "damages for death or injury to persons or for injury to property," the language of NRS 40.640(1) clearly allows for an allocation to be made between homeowners and contractors who caused the constructional defect in question. Nothing in NRS 40.640 suggests that this allocation cannot extend to a homeowner whose participation in the design and construction of the residence has caused a constructional defect. In any event, this issue is best reviewed following the trial of a constructional defect case in which the jury has assigned liability for damages using a special verdict form. Consequently, this argument does not warrant en banc reconsideration.
To the extent that Skender raises additional arguments in her petition for en banc reconsideration, we determine that those arguments lack merit. For the reasons stated above, we deny Skender's petition for en banc reconsideration.
Brunsonbuilt's petition for en banc reconsideration
In its petition for en banc reconsideration, Brunsonbuilt argues that Skender: (1) contradicts this court's holding in Albios v. Horizon Communities, Inc.;[9] (2) overlooks how the jury's verdict for Brunsonbuilt on the breach-of-contract claim affected any damage award to Skender; (3) violates the "absolute discretion rule"; and (4) overlooks established precedent regarding a party's right to appeal. We disagree with Brunsonbuilt's assertions.
Albios v. Horizon Communities, Inc.
Brunsonbuilt argues that Skender contradicts Albios because the trial court in Albios, another constructional defect case, used a general verdict form and this court did not disapprove of the form. In Skender, we required the use of special verdict forms for the jury to make clear upon which theory of liability it was awarding damages in a constructional defect case when the "parties introduce multiple theories of liability . . . and one party asserts j comparative negligence as a defense."[10] Brunsonbuilt further argues that this court's holding in Skender as to special verdict forms, combined with our holding in Albios, yields a lack of uniformity in Nevada law.
Brunsonbuilt's argument on this issue is unconvincing. The parties in Albios neither disputed the use of a general verdict form on appeal nor questioned whether the verdict was based on negligence or breach of contract.[11] Accordingly, it was not necessary for this court to address the general verdict form issue in Albios because the parties did not raise it. The parties in the present case, however, vigorously disputed the verdict form during the proceedings below and on appeal.[12] Thus, we reject Brunsonbuilt's argument that our special verdict holding creates disparate law.
How the jury's verdict for Brunsonbuilt on its breach-of-contract claim affected any damage award to Skender
In its petition, Brunsonbuilt states the following:
[O]nce the jury found for Brunsonbuilt on its breach of contract claims, there was nothing left to consider with respect to Skender's own claims for breach, and any verdict for Skender could only be based upon her separate tort/negligence claims.

*748 Based upon the foregoing considerations, the jury verdict obtained by Skender was necessarily based on her tort claims and not her breach of contract claims.[13]
These statements demonstrate the speculative nature of the verdict form. Without a special verdict form, neither the district court nor this court could determine whether or exactly how the jury's verdict was divided between negligence and breach of contract. Any effort to make such a determination based on the general verdict form used in the proceedings below would amount to mere conjecture. Consequently, we conclude that we did not overlook any facts pertaining to this matter.
Absolute discretion rule
Brunsonbuilt also argues that our holding in Skender violates the "absolute discretion rule" by infringing upon the district court's absolute discretion to craft a verdict form.[14] However, this court has held that the district court's selection of a verdict form is subject to review for an abuse of discretion.[15] Accordingly, we reject Brunsonbuilt's contention on this issue.
A party's right to appeal
Brunsonbuilt claims that our determination in Skender that the comparative negligence instruction was incomplete conflicts with our holding in City of Reno v. Silver State Flying Service,[16] wherein we suggested that a party who wishes a more detailed jury instruction bears the burden of requesting such an instruction during trial. Brunsonbuilt's argument on this issue is unpersuasive because Skender did argue about the jury instructions as discussed above.
Brunsonbuilt further argues that our holding in Truckee-Carson Irrigation District v. Wyatt requires a party to demonstrate prejudice and the probability of a different outcome in order to successfully challenge an erroneous jury instruction on appeal.[17] As we noted in Skender, the "allegations of comparative negligence in this case implicated different constructional defects" and "the district court did not distinguish between the constructional defects or the proximate cause for each" in its comparative negligence instruction.[18] Here, Skender demonstrated prejudice and the likelihood of a different outcome based on the district court's failure to render a comparative negligence instruction that addressed each of the many constructional defects alleged and the proximate causes of these defects. Thus, en banc reconsideration is not warranted on this ground.
To the extent that Brunsonbuilt raises additional arguments in its petition for en banc reconsideration, we reject those arguments as meritless. For the reasons stated above, we deny Brunsonbuilt's petition for en banc reconsideration.
As we conclude that en banc reconsideration is not warranted,[19] we
ORDER the petitions DENIED.
HARDESTY, J., with whom, CHERRY, J., agrees, concurring in part and dissenting in part:
I concur with the majority's decision to deny the petition for reconsideration on all grounds, except that I would grant reconsideration to address the confusion created by *749 the interaction of our decision in Calloway v. City of Reno (Calloway II),[1] the limitations to the comparative negligence defense under NRS 41.141, and the limitations on damages in a constructional defect case under NRS 40.645.
In Calloway II, we held that the economic loss doctrine applied to constructional defect cases generally, preventing recovery under a tort theory because the damages suffered were only to the houses themselves  there was neither damage to other property nor personal injury.[2] Although Calloway II neither defines injury to property expressly nor discusses it in the context of comparative negligence, the opinion creates a very strong inference that a constructional defect would not constitute an injury to property under NRS 41.141. Applying comparative negligence in Skender v. Brunsonbuilt Construction & Development Co.[3] created an apparent conflict between the limitation of the comparative negligence defense in actions for "injury to property" under NRS 41.141 and our holding in Calloway II. I would grant reconsideration to revisit the economic loss doctrine as discussed in Calloway II and resolve the question whether the comparative negligence defense is appropriate in a constructional defect case.
I would also consider the impact of NRS 40.645 and determine whether NRS 40.645 places any limitation on an owner's ability to recover damages for constructional defects that may have been caused by his or her design deficiencies. In this, the court should consider whether NRS 40.645 can be read to permit the fact-finder to allocate liability for damages between the parties by determining which party caused the damages.
The majority may be correct that the uncertainty created by the interaction of our decision in Calloway II, the limitations on the comparative negligence defense under NRS 41.141, and the limitations on damages in a constructional defect case under NRS 40.645 is better examined in the event of a future appeal from this case or in another case. However, this court must ultimately resolve this confusion in constructional defect litigation.
I concur: CHERRY, J.
MAUPIN, C.J., dissenting:
I would grant rehearing to resolve the interplay between NRS 41.141 and NRS 40.640 in constructional defect cases brought under NRS Chapter 40. We should now determine whether NRS 41.141 has any bearing on negligence claims brought under Olson v. Richard[1] for pure economic losses;[2]i.e., are such claims barred under NRS 41.141 when a plaintiffs comparative negligence exceeds that of the defendant or defendants, or merely reduced under NRS 40.640 without regard to the extent of the plaintiffs culpability.
NOTES
[1] 122 Nev. ___, 148 P.3d 710 (2006).
[2] NRAP 40A(a).
[3] 121 Nev. 837, 124 P.3d 530 (2005).
[4] Id. at 859, 124 P.3d at 546.
[5] Id. at 843-45, 124 P.3d at 535-37; NRS 40.615 (defining "constructional defect").
[6] Id. at 860, 124 P.3d at 546.
[7] Skender, 122 Nev. at ___, 148 P.3d at 712.
[8] Id. at ___, 148 P.3d at 715-16.
[9] 122 Nev. 409, 132 P.3d 1022 (2006).
[10] 122 Nev. ___, ___, 148 P.3d 710, 717 (2006).
[11] Id. at 409, 122 Nev. 409, 132 P.3d 1022.
[12] Skender, 122 Nev. at ___, 148 P.3d at 713, 716.
[13] Skender v. Brunsonbuilt Constr. & Dev. Co., 122 Nev. ___, 148 P.3d 710 (Respondents' Request for En Banc Rehearing, April 13, 2007).
[14] Brunsonbuilt also claims that Skender refused to use a special verdict form during trial. However, the record on appeal demonstrates that Skender did in fact offer a special verdict form and that the district court rejected it.
[15] Ross v. Giacomo, 97 Nev. 550, 556, 635 P.2d 298, 302 (1981), abrogated on other grounds by Winston Products Co. v. DeBoer, 122 Nev. 517, 134 P.3d 726 (2006).
[16] 84 Nev. 170, 180, 438 P.2d 257, 264 (1968) (citing Louis. & Nash. R.R. Co. v. Holloway, 246 U.S. 525, 38 S.Ct. 379, 62 L.Ed. 867 (1917)).
[17] 84 Nev. 662, 666-67, 448 P.2d 46, 49-50 (1968).
[18] 122 Nev. ___, ___, 148 P.3d 710, 716 (2006).
[19] NRAP 40A.
[1] 116 Nev. 250, 993 P.2d 1259 (2000).
[2] Id. at 265, 993 P.2d at 1269.
[3] 122 Nev. ___, 148 P.3d 710 (2006) (Adv.Op. No. 118, December 2006).
[1] 120 Nev. 240, 89 P.3d 31 (2004).
[2] NRS 41.141(1) provides as follows:

1. In any action to recover damages for death or injury to persons or for injury to property in which comparative negligence is asserted as a defense, the comparative negligence of the plaintiff or his decedent does not bar a recovery if that negligence was not greater than the negligence or gross negligence of the parties to the action against whom recovery is sought.
This statute does not mention claims for pure economic loss.